[No. 980-3.    Division Three.    March 3, 1975.]

V. R. RUTHERFORD et al., *Respondents*, v. LOU FORD et al., *Appellants*.

*Rodney G. Pierce*, for appellants.

*John A. Wilkins* (of *Horton, Wilkins & Faurholt*), for respondents.

GREEN, J.—Plaintiffs, V. R. and Bernadette Rutherford, brought this action against defendants, Lou Ford, d/b/a Scientific Industrial Maintenance, and Jane Doe Ford, his wife, to recover damages for alleged breach of a construction contract. Defendants counterclaimed for an alleged balance due on the contract. Summary judgment of dismissal was granted with respect to the defendants' counterclaim upon the ground that defendants, not being a registered contractor, could not pursue their claim. RCW 18.27.080.[1] From this judgment of dismissal, defendants appeal.

Defendants contend they are exempt from registration under RCW 18.27.090:

This chapter shall not apply to:

. . .

(5) The sale or installation of any finished products, materials, or articles of merchandise which are not actually fabricated into and do not become a permanent fixed part of a structure;

. . .

(8) Any person who only furnished materials, supplies, or equipment without fabricating them into, or con-

---

[1] This section provides:

"No person engaged in the business or acting in the capacity of a contractor may . . . maintain any action in any court of this state for the collection of compensation for the performance of any work . . . for which registration is required under this chapter without alleging and proving that he was a duly registered contractor and held a current and valid certificate of registration at the time he contracted for the performance of such work or entered into such contract."

suming them in the performance of, the work of the contractor;

We disagree.

Under the contract with plaintiffs, defendants are "to furnish all the labor, material and equipment to install sewer, domestic water and irrigation systems as shown on the drawings and plans" of named architects in connection with a mobile home development in Kennewick. More specifically the contract provided:

A. Irrigation system: Contractor shall furnish and install 500 gallon tank capable of standing 200 pound pressure per square inch on concrete pads and hook up to pump; with low water safety switch included and tested to operate at 40 pounds per square inch to 60 pounds per square inch.

B. Domestic water: Contractor to furnish and build concrete meter case and hookup meter per city code specifications, with all lines shock locked and blanked for future expansion and marked. All lines under roadways to be 200 lbs pressure pipe PVC and all joints on 4 inch and 6 inch pipe shall be welded PVC. Contractor shall furnish all valves and valve stem boxes to protect lines.

C. Sewer System: Contractor shall furnish and install sewer system in accordance with prints as marked, except that there shall be one added manhole and piping to be installed at location specified by Owner under this scope of work not shown in Phase I.

D. Fire Hydrant: Contractor shall furnish and install one added fire hydrant and piping to be installed at locations specified by Owner under this scope of work not shown in Phase I.

E. Pipe: All pipe and piping in this project shall be PVC pipe except risers which shall be galvanized.

In the deposition of defendant Lou Ford, he describes the installation activity, *i.e.*, the digging of trenches, the construction of concrete meter boxes, the connecting of the various pieces of pipe together, and the ultimate connection of the water and sewer systems into the city system.

RCW 18.27.140 provides:

It is the purpose of this chapter to afford protection to

the public from unreliable, fraudulent, financially irresponsible, or incompetent contractors.

*Stewart v. Hammond*, 78 Wn.2d 216, 219-20, 471 P.2d 90 (1970). In view of the public policy of the contractor registration statutes, the exceptions thereunder have been narrowly construed. *Jeanneret v. Rees*, 82 Wn.2d 404, 511 P.2d 60 (1973).

■ First, Ford did not simply *furnish* materials, supplies or equipment; but actually *installed* the materials as required by the contract. The exemption of RCW 18.27.090(8) is unavailable to a contractor who performs installation. *Harbor Millwork, Inc. v. Achttien*, 6 Wn. App. 808, 812, 496 P.2d 978 (1972).

■ Second, we are unable to agree with defendants' contention that the materials "are not actually fabricated into and do not become a permanent fixed part of a structure." RCW 18.27.090(5). It is evident to this court that the structure was the sewer, water and irrigation systems. As noted in the defendants' brief, the word "structure" to the average person has a plain meaning, that is, something built up. *See State v. Roadhs*, 71 Wn.2d 705, 430 P.2d 586 (1967); *Navlyt v. Kalinich*, 53 Ill. 2d 137, 290 N.E.2d 219 (1972); 40 Words and Phrases, *Structure* 492 *et seq.* (1964). While the defendants seek to construe "structure" to mean a building, bridge, radio tower, etc., we do not conceive the definition to be so restricted. The mere fact that a structure may be built underground rather than elevated above the surface does not make it any less a structure. The materials installed by the defendants became a permanent, fixed part of the structure thereby preventing defendants' exempt status under RCW 18.27.090(5). *Harbor Millwork, Inc. v. Achttien, supra.* There being no issue of fact to be resolved by the trial court, summary judgment was proper.

■ Defendants urge that a condition precedent to plaintiffs' motion for summary judgment was the filing of a reply alleging, as an affirmative defense, noncompliance with the contractors registration act. We disagree. This theory was never presented to the trial court and need not

be considered here. *Talps v. Arreola*, 83 Wn.2d 655, 521 P.2d 206 (1974); *Eichler v. Yakima Valley Transp. Co.*, 83 Wn.2d 1, 514 P.2d 1387 (1973). Nevertheless, the motion for summary judgment was filed along with a motion by plaintiffs to amend their reply to include the affirmative defense. These motions were promptly filed after Lou Ford's deposition was taken. It is evident that all parties knew precisely what issues were to be determined by the trial court. During the hearing upon these motions, plaintiffs' counsel stated:

[I]t was stipulated last Thursday two weeks ago the Motion to Amend the Reply would be granted, and . . . [counsel for defendants] stipulated we wouldn't have to put anything in writing on that.

This statement was uncontroverted and it appears that all parties accepted the amendment.

It is clear that defendants are contractors required to register under RCW 18.27.010-.070. They did not register and were not exempt.

Affirmed.

McINTURFF, C.J., and MUNSON, J., concur.

Petition for rehearing denied April 7, 1975.

Review denied by Supreme Court May 21, 1975.