[No. 53468–3. En Banc. July 16, 1987.]

JAMES V. FRANK, *Petitioner,* v. EDWARD A. FISCHER, ET AL, *Respondents.*

---

*Gallup, Duggan, Tubbs & Heurlin,* by *Steven B. Tubbs,* for petitioner.

*Alan R. Merkle* and *Stoel, Rives, Boley, Fraser & Wyse,* for respondents.

Goodloe, J.—This case involves the applicability of RCW 18.27.080 which bars contractors who are not registered in this state from suing on their service contracts. Based upon the bar of RCW 18.27.080, the trial court granted summary judgment in favor of respondent Edward A. Fischer. The Court of Appeals affirmed in *Frank v. Fischer,* 46 Wn. App. 133, 730 P.2d 70 (1986). We likewise

affirm.

Petitioner James V. Frank is a contractor specializing in *residential woodwork and carpentry.* He *is a registered* contractor in his home state of Oregon, but not in the state of Washington. Respondent Fischer is a resident of Vancouver, Washington. Formerly, Fischer was a licensed contractor in the state of California and has been retired from the contracting business for over a decade.

In January 1983, Fischer solicited bids from various contractors to build a personal residence in Vancouver. Thereafter, in early March, Fischer and Frank entered into a contract covering part of the necessary construction work. Fischer also hired a number of other residential construction specialists. Of those hired, at least four, including Frank, were unregistered. Frank was aware of the contractor registration requirements in Washington and had included in his bid the cost of obtaining a license. Frank, however, did not register and obtain a license. Frank alleges that when he asked about the registration requirement, Fischer fraudulently misrepresented that he personally would be responsible as the general contractor for all registration and licensing requirements and that Frank need not worry about such matters.

Fischer made an initial payment to Frank of $7,000. Subsequently, he refused to make further payment on the contract. Soon thereafter, Frank and his crew stopped working on the project. Frank filed suit for the sum of $32,500 and a decree foreclosing his lien against Fischer's property. Fischer interposed the statutory bar of RCW 18.27.080. Frank did not allege an affirmative claim based on fraud; however, in the reply to answer he asserted that Fischer's fraud removed the statutory bar of RCW 18.27-.080.

The trial court granted summary judgment in favor of Fischer. The Court of Appeals affirmed holding that Fischer was entitled to raise the statutory bar of RCW 18.27.080 because: (1) Fischer was not subject to the provisions of RCW 18.27 by virtue of an exemption in RCW

18.27.090(12), *Frank,* at 138; and (2) Fischer was not "routinely" engaged in the building trades business when he contracted with Frank and, therefore, he was entitled to the protection of RCW 18.27. *Frank,* at 139. The Court of Appeals also held that Frank did not properly raise his fraud argument on appeal. *Frank,* at 141. Frank challenged these holdings. We granted discretionary review.

We address whether a person, formerly a contractor in another state, who generally supervises the construction of his or her personal residence and employs contractors from various trades on the project, may use RCW 18.27.080 to bar the claim of a contractor who is unregistered?

## I

RCW 18.27.080 provides:

> No person engaged in the business or acting in the capacity of a contractor may bring or maintain any action in any court of this state for the collection of compensation for the performance of any work or for breach of any contract for which registration is required under this chapter without alleging and proving that he was a duly registered contractor and held a current and valid certificate of registration at the time he contracted for the performance of such work or entered into such contract.

Under a literal reading of RCW 18.27.080 Frank's suit is barred. However, in construing RCW 18.27.080, *Murphy v. Campbell Inv. Co.,* 79 Wn.2d 417, 420, 486 P.2d 1080 (1971) provided: "There are times when even the *literal expression* of legislation may be *inconsistent with the general objectives or policy behind it, . . .*" (quoting J. Sutherland, *Statutory Construction* § 6006 (3d ed. 1943)). Therefore, we look to the general objectives and policy behind RCW 18.27.

The primary objective of RCW 18.27 is to require all contractors who offer to do work, submit a bid, or perform any work to register with the Department of Labor and Industries. *See* RCW 18.27.020. In 1973, a policy statement was added to RCW 18.27. *See* Laws of 1973, 1st Ex. Sess., ch. 161, § 2. This statement as amended provides:

> It is the purpose of this chapter to afford protection to the public including all persons, firms, and corporations furnishing labor, materials, or equipment to a contractor from unreliable, fraudulent, financially irresponsible, or incompetent contractors.

RCW 18.27.140. *See* Laws of 1983, 1st Ex. Sess., ch. 2, § 21.

 Prior to the enactment of RCW 18.27.140, in *Jeanneret v. Rees,* 82 Wn.2d 404, 408, 511 P.2d 60 (1973), the court employed a literal interpretation of RCW 18.27.080. The *Jeanneret* court refused to recognize an exception for a contractor performing work for another contractor and reasoned that RCW 18.27 applied between members of the same profession. "If it was the intention of the legislature that the statute should not be applicable where work is performed for a member of the same profession, it could have so provided." *Jeanneret,* at 408. However, *Bremmeyer v. Peter Kiewit Sons Co.,* 90 Wn.2d 787, 585 P.2d 1174 (1978) reexamined the issue of whether RCW 18.27 applied to actions between contractors and subcontractors. The court reasoned that, given the statutory purpose provided by RCW 18.27.140, continued reliance upon the literal expression of RCW 18.27.080 was inappropriate. *Bremmeyer,* at 791. The court held that the statutory purpose of RCW 18.27 was to protect the public, and the Legislature did not intend to protect contractors from each other or prime contractors from unregistered subcontractors. *See Bremmeyer,* at 791–93.

Given the reasoning set forth in *Bremmeyer,* we must determine whether Fischer is a contractor, and as such, outside the protection of RCW 18.27.080. The pertinent definition of "contractor" found in RCW 18.27.010 is as follows:

> A "contractor" as used in this chapter is any person, firm or corporation who or which, in the pursuit of an independent business undertakes to, or offers to undertake, or submits a bid to, construct, alter, repair, add to, subtract from, improve, move, wreck or demolish, for another, any building, highway, road, railroad, excavation or other structure, project, development, or improvement

attached to real estate or to do any part thereof including the installation of carpeting or other floor covering, the erection of scaffolding or other structures or works in connection therewith or who installs or repairs roofing or siding; or, who, to do similar work upon his own property, employs members of more than one trade upon a single job or project or under a single building permit *except as otherwise provided herein.*

(Italics ours.)

The Court of Appeals held that Fischer was not a contractor within the meaning of RCW 18.27.010 by virtue of an exemption provided by RCW 18.27.090(12). *Frank,* at 138–39. RCW 18.27.090(12) provides that RCW 18.27, which includes the definition of "contractor", shall not apply to:

Any person working on his own property, whether occupied by him or not, and any person working on his residence, whether owned by him or not but this exemption shall not apply to any person otherwise covered by this chapter who constructs an improvement on his own property with the intention and for the purpose of selling the improved property[.]

The Court of Appeals observed that the above exemption delineated two categories of landowners: (1) individuals working on their own property with no intention of selling and who are exempt from the registration requirements of RCW 18.27; and (2) individuals working on their own property who intend to sell and who are not exempt. As Fischer planned to use the dwelling as his residence, the majority found him exempt. *Frank,* at 139. In a concurring opinion Judge Petrich argued that the majority's interpretation of the exemption was an unreasonable interpretation of legislative intent. Judge Petrich reasoned that the distinction the Legislature intended to draw was between one who personally works on his or her own property and one who hires others to do the same. He concluded that it is physical labor engaged in by a landowner on his own property which, by virtue of RCW 18.27.090(12), exempts the landowner from the act's registration requirements. *Frank,*

at 145–46 (Petrich, J., concurring).

█ Generally, the court's purpose in construing a statute is to ascertain and give effect to the intent of the Legislature. *Addleman v. Board of Prison Terms & Paroles,* 107 Wn.2d 503, 509, 730 P.2d 1327 (1986). If unambiguous, the meaning of a statute must be derived from the actual language of the statute. *Stewart Carpet Serv., Inc. v. Contractors Bonding & Ins. Co.,* 105 Wn.2d 353, 358, 715 P.2d 115 (1986). Statutory provisions must be viewed in relation to each other and, if possible, harmonized to insure proper construction. *Addleman,* at 509. Additionally, "[a]n original act and an amendment should be read and construed as one law passed at the same time." *Ravsten v. Department of Labor & Indus.,* 108 Wn.2d 143, 150, 736 P.2d 265 (1987).

█ Applying these principles we conclude that by virtue of the exemption provided by RCW 18.27.090(12), Fischer is not a contractor as defined by RCW 18.27.010. Fischer is exempt as a person working on his own property who does not intend to sell. We reject the argument that RCW 18.27.090(12) only applies to the owner who physically performs all of the work. Such an owner is not within the definition of contractor provided by RCW 18.27.010 in the first instance. Furthermore, contrary to Frank's argument, it is irrelevant that part of the language found in RCW 18.27-.090(12) was added by amendment in 1967. *See* Laws of 1967, ch. 126, § 3; *see also Frank,* at 143 (Petrich, J., concurring). The original act and amendment must be construed as passed together. *Ravsten,* at 150. Finally, Frank argues that our interpretation leads to an undesired and illogical result. *See also Frank,* at 145 (Petrich, J., concurring). Specifically, Frank posits that an owner of questionable financial responsibility could hire several members of two or more trades to construct a building on his or her property and be exempt from the requirements of RCW 18.27 because he or she does not intend to sell. Consequently, Frank argues that the unscrupulous owner who does not intend to sell is unjustifiably afforded the protec-

tion of RCW 18.27.080. However, we note that this concern is easily remedied; to be protected all the contractor working for another person need do is register. Therefore, we believe our interpretation is reasonable and best effectuates the intent of the Legislature.

We also reject Frank's argument that Fischer was a contractor in fact and as a matter of law. Frank argues that Fischer, as a previously licensed and knowledgeable contractor, can hardly be said to be in the class of people the Legislature meant to protect. Fischer responds that his California contracting experience years ago did not familiarize him with the reliability, honesty, and competence of Washington contractors in 1983 and, therefore, he is in the class of people the Legislature meant to protect.

As noted before, *Bremmeyer* held that RCW 18.27 did not protect contractors from actions initiated by unregistered contractors. *Bremmeyer,* at 791. The *Bremmeyer* court reasoned that the public to be protected are those "who themselves are not routinely in the business of acting as 'contractors' as defined by RCW 18.27.010." *Bremmeyer,* at 791–92. We agree with the Court of Appeals that Fischer may raise the statutory bar of RCW 18.27.080 because he was not routinely in the business of acting as a contractor. First, Fischer dealt with Frank in a single and isolated transaction. We are aware that *Northwest Cascade Constr., Inc. v. Custom Component Structures, Inc.,* 83 Wn.2d 453, 459, 519 P.2d 1 (1974) states: "RCW 18.27.010 provides a specific statutory definition of the term 'contractor,' and in no way implies that a party engaging in a single and isolated business venture shall be exempt from the registration requirements of the registration act." However, we find *Northwest Cascade* is distinguishable because the issue here is not whether Fischer himself should have registered as a contractor, but rather whether he is relieved from paying for Frank's labor because Frank failed to register. *Northwest Cascade* pertains to the former situation. Second, Fischer has not been routinely engaged as a contractor in over a decade. Consequently, he cannot be said to be

routinely in the business of acting as a contractor. Necessarily, we also conclude that Frank is not a "prime" or "upper tier" contractor as these terms are used in *Stewart Carpet*.

We hold that Fischer is in the class which the Legislature intended to protect by its enactment of RCW 18.27.080. This holding is buttressed by comparison with a similar contractor registration requirement from the state of Oregon. In that scheme, the Oregon Legislature has enacted a statutory provision which authorizes a court not to apply the nonregistration statutory bar to a suit if its application would result in substantial injustice. *See* Or. Rev. Stat. § 701.065(2). Our Legislature has not done so.

## II

In the petition for discretionary review, Frank raises a fraudulent misrepresentation argument. He asserts that Fischer's fraudulent misrepresentations should act to prevent Fischer from asserting the bar of RCW 18.27.080. However, we note that this issue was not raised in the appellate brief. Frank first raised it in his Statement of Additional Authorities. The Court of Appeals noted that raising an argument at this stage is contrary to the requirements of RAP 10.3(g) and 10.8 and refused to consider the issue. *Frank,* at 141. We agree that this issue was not properly raised. We hold that RAP 10.3(a)(3) and (g) preclude our reaching this issue. First, in the appellate brief no assignment of error was made regarding fraudulent misrepresentation as is required. *See* RAP 10.3(a)(3). Second, the fraud claim was not "clearly disclosed in the associated issue pertaining thereto" as required by RAP 10.3(g). Therefore, because this issue is not properly before us, we specifically do not address whether fraud may be pleaded to remove the statutory bar of RCW 18.27.080.

## III

Fischer claims he is entitled to attorney fees pursuant to RCW 60.04.130, which pertains to mechanics' and materialmen's liens and provides, in part:

> The court *may* allow to the prevailing party in the [lien] action, whether plaintiff or defendant, as part of the costs of the action, the moneys paid for filing or recording the claim, and a reasonable attorney's fee in the superior court, court of appeals, and supreme court.

(Italics ours.) We award no attorney fees; the basis for the resolution of this case is the contractors registration statute, *not* the lien foreclosure statute. Moreover, the award of fees under RCW 60.04.130 is discretionary. *Walsh Servs., Inc. v. Feek,* 45 Wn.2d 289, 298, 274 P.2d 117 (1954).

In sum, we conclude that Fischer is not a contractor by virtue of the exemption provided by RCW 18.27.090(12). Therefore, Fischer is protected by RCW 18.27 under the reasoning of *Bremmeyer* and may properly raise the statutory bar of RCW 18.27.080. The issue of fraud is not properly before the court. We award no attorney fees.

The Court of Appeals is affirmed.

PEARSON, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DORE, ANDERSEN, CALLOW, and DURHAM, JJ., concur.