[No. 15051-4-II.    Division Two.    May 11, 1994.]

POPE & TALBOT, INC., *Respondent*, v. PRODUCTIZATION, INC., *Appellant*.

198

*Appel & Glueck, P.C. (Matt O'Meara,* of counsel), for appellant.

*Elizabeth K. Reeve, Sigurd B. Borgersen,* and *Schwabe, Williamson, Ferguson & Burdell,* for respondent.

MORGAN, C.J. — Productization, Inc., appeals a superior court order denying its motion to compel arbitration. We affirm.

Productization is a Kansas corporation. Pope & Talbot, Inc., is a Delaware corporation. At the times material here, neither was registered as a contractor.

In 1989, Productization and Pope entered into a contract under which Productization was to "construct on a 'turn-key' basis a complete wood waste fuel refinery".[1] Productization was to dismantle a "pellet plant"[2] in Florida, ship it to Washington, and reconstruct it on land owned by Pope.

Article 16 of the contract contained an arbitration clause. It stated:

> To prevent suits and litigation, it is agreed by the parties hereto that should any dispute arise under this Agreement that cannot be otherwise peacefully agreed upon, the same shall be submitted to arbitration upon the written request of either party hereto.

A dispute arose before the contract was completely performed, and Pope informed Productization that the contract was being terminated for breach. A short time later, Pope filed the instant lawsuit, claiming "that Productization breached the contract by incurring costs in excess of the contract price which costs Productization was unable to pay to vendors."[3]

Productization moved for an order compelling Pope to arbitrate, pursuant to article 16. Pope argued that the contractor registration statute, RCW 18.27, barred Productization "from using the judicial process to enforce any part of the part[ies'] contract including the arbitration clause."[4] Admitting it was not registered as a contractor in Washington, Productization argued that even if it was barred from seeking to collect the compensation, it was not barred from

---

[1] The term "turn-key" refers to the complete design, supply, delivery, erection, and completion of a facility or building.

[2] The parties use the term "pellet plant", and we will do likewise.

[3] Br. of Appellant, at 3.

[4] Clerk's Papers, at 34-52.

seeking to compel arbitration. Later, Productization also argued that it was not required to register as a contractor, and that Pope was not entitled to assert the registration statute because Pope itself was a contractor. The trial court denied an order compelling arbitration, and Productization sought review.

The contractor registration act is RCW 18.27. It provides that a nonexempt contractor must register with the Department of Labor and Industries. RCW 18.27.020(1). Further, it precludes an unregistered, nonexempt contractor from maintaining an action "for the collection of compensation for the performance of any work or for breach of any contract for which registration is required". RCW 18.27.080.

We address three questions in this case. (1) Does the contractor registration act apply? (2) Can Pope assert it? And (3) Does it bar enforcement of an arbitration clause? Productization is entitled to prevail if any one of these questions is answered in the negative. Pope is entitled to prevail if all three questions are answered in the affirmative.

I

In order for the contractor registration act to apply, at least two requirements must be met. Productization must be a contractor within the meaning of RCW 18.27.010, and Productization must not be exempt from registering under RCW 18.27.090.

Productization acknowledges it was a contractor within the meaning of RCW 18.27.010.[5] It does not contest that it contracted to construct a pellet plant, as well as to furnish materials, supplies and equipment.

Productization argues that it was exempt from registering. It relies on RCW 18.27.090(8), which provides that the

---

[5]RCW 18.27.010 defines a contractor as one who "in the pursuit of an independent business undertakes to, or offers to undertake, or submits a bid to, construct, alter, repair, add to, subtract from, improve, move, wreck or demolish, for another, any building, highway, road, railroad, excavation or other structure, project, development, or improvement attached to real estate or to do any part thereof . . . or, who, to do similar work upon his own property, employs members of more than one trade upon a single job or project or under a single building permit except as otherwise provided herein."

contractor registration statute "shall not apply" to "[a]ny person who only furnished materials, supplies, or equipment without fabricating them into, or consuming them in the performance of, the work of the contractor". It argues that whether a person falls within this statute is determined not by the nature of his or her contract, but by the nature of the performance that he or she later renders.[6] Because it only supplied materials before Pope stopped further performance, it says it is exempt from registering.

■■ We reject this argument. Like any statute, RCW 18.27 should be read as a whole. *See State ex rel. Royal v. Board of Yakima Cy. Comm'rs,* 123 Wn.2d 451, 459, 869 P.2d 56 (1994). RCW 18.27.010 provides that one becomes a contractor when he or she "undertakes to, or offers to undertake, or submits a bid to" engage in various kinds of construction. RCW 18.27.020(2)(a) provides that it is a misdemeanor to "offer to do work, submit a bid, or perform any work as a contractor without being registered". RCW 18.27.080 requires a contractor to allege and prove that he or she was registered "at the time he contracted for the performance of such work or entered into such contract." Read together, these sections demonstrate that the Legislature intended the applicability of RCW 18.27 to turn on the terms of the offer, bid or contract, and not on the nature of the contractor's later performance. Thus, we hold that whether a contractor falls within RCW 18.27.090(8) depends on what the contractor offered, bid, or contracted to do, as opposed to the extent of the contractor's later performance. Here, Productization contracted to construct a pellet plant, so it was required to register as a contractor.[7]

---

[6]Thus, Productization frames the issue as "whether a contractor who agrees to install or fabricate materials into a project is exempt from registration if the contract is terminated by the other party while the agreement to install is still executory". Reply Br. of Appellant, at 16.

[7]Although Productization argues to the contrary, this result is consistent with the three cases that have expressly construed RCW 18.27.090(8). In both *Harbor Millwork, Inc. v. Achttien,* 6 Wn. App. 808, 496 P.2d 978 (1972) and *Norris Indus. v. Halverson-Mason Constructors,* 12 Wn. App. 393, 399, 529 P.2d 1113 (1974), the

## II

■ RCW 18.27 protects the public from contractors, but not contractors from each other. *Bremmeyer v. Peter Kiewit Sons Co.*, 90 Wn.2d 787, 791-93, 585 P.2d 1174 (1978); *see also Frank v. Fischer*, 108 Wn.2d 468, 472, 739 P.2d 1145 (1987); *Stewart Carpet Serv., Inc. v. Contractors Bonding & Ins. Co.*, 105 Wn.2d 353, 360, 715 P.2d 115 (1986); *International Comm'l Collectors, Inc. v. Carver*, 99 Wn.2d 302, 306, 661 P.2d 976 (1983). Thus, if Pope was acting as a contractor, it lacks standing to assert Productization's failure to register.

At the outset, we observe that the Supreme Court has employed RCW 18.27.010 and RCW 18.27.090 not only as standards for deciding whether a person is subject to the contractor registration act, but also as standards for deciding whether a person has standing to assert the act. *See, e.g., Frank.* We do likewise.

Pope does not contest it "was a 'contractor' under the general definition of RCW 18.27.010".[8] However, it argues it is exempted from the act by RCW 18.27.090(12). According to that statute, the act shall not apply to

> Any person working on his own property, whether occupied by him or not, and any person working on his residence, whether owned by him or not but this exemption shall not apply to any person otherwise covered by this chapter who constructs an improvement on his own property with the intention and for the purpose of selling the improved property;
>
> . . . .

RCW 18.27.090(12).

Productization contends that the word "person" as used in RCW 18.27.090(12) includes individuals but not corporations. If this is correct, the word does not include Pope, for Pope is a corporation.

---

alleged contractor contracted only to supply materials. Thus, the exemption applied. In *Rutherford v. Ford*, 12 Wn. App. 813, 816, 532 P.2d 283, *review denied*, 85 Wn.2d 1009 (1975), the alleged contractor contracted not only to furnish materials, but to install them as well. Thus, the exemption did not apply.

[8]Br. of Resp't, at 25.

The Legislature was not consistent when it used the word "person" in the contractor registration act. In some sections, it used the phrase "person, firm or corporation", thus implying that the word "person", standing alone, does not include corporations. RCW 18.27.010, .040(3), .120(2), .130, .140. In other sections, however, it implied that the word "person" includes corporations as well as individuals.

An example is RCW 18.27.080. There, the Legislature pronounced generally that no "person" who is required to register, but who fails to do so, can seek relief in the courts. Obviously, there is no rational basis for denying relief to contractors who happen to be individuals, while allowing it to contractors who happen to be corporations. Necessarily, then, the Legislature was using the word "person" to mean corporations as well as individuals.

Another example is RCW 18.27.090(8). There, the Legislature provided that the act would not apply to any "person" who only furnished materials, supplies, or equipment to a contractor. Obviously, there is no rational basis for saying that a supplier who happens to be an individual is exempt, while a supplier who happens to be a corporation is not. Necessarily, then, the Legislature was using the word "person" to mean corporations as well as individuals.[9]

A third example is RCW 18.27.090(9). After prescribing an exemption, the Legislature there stated, "[t]he exemption prescribed in this subsection does not apply to a *person* who advertises or puts out any sign or card or other device which might indicate to the public that he is a contractor, or that he is qualified to engage in the business of contractor". (Italics ours.) Again, it would be irrational to read the word "person" as including only individuals, and the Legislature was necessarily using the word "person" to mean corporations as well.[10]

---

[9]Indeed, Productization recognizes that the word "person" as used in RCW 18.27.090(8) includes corporations as well as individuals. Although it is a corporation, it claims it was exempt from registration by virtue of RCW 18.27.090(8).

[10]Other examples might include RCW 18.27.040(7), .100, .102, and .104. Because our point is made, however, we do not consider those sections here.

■ Because the Legislature was not consistent in its use of the word "person", the word is ambiguous as used in RCW 18.27.090(12). It might include individuals but not corporations, or it might include both individuals and corporations.

■ This ambiguity must be resolved in accordance with the intent of the Legislature. *Frank*, 108 Wn.2d at 474. To divine its intent, we analyze the overall scheme of the contractor registration act, and the role of RCW 18.27.090(12) within that scheme.

■ The Legislature's purpose in enacting RCW 18.27 was to afford protection to the public from unreliable, fraudulent, financially irresponsible, or incompetent contractors. RCW 18.27.140. According to the Supreme Court, the public to be protected is comprised of the customers of contractors who are not themselves required to register under the act. *Bremmeyer*, 90 Wn.2d at 791-92; *Murphy v. Campbell Inv. Co.*, 79 Wn.2d 417, 421-22, 486 P.2d 1080 (1971); *see Frank.*

■ In light of the Legislature's purpose, we believe that it generally intended the act to apply when a contractor is building for a customer. Thus, RCW 18.27.010-.020 provide that the act applies when a contractor agrees to build "for another" (*i.e.*, for a noncontractor member of the public). And read together, RCW 18.27.010 and RCW 18.27.090(12) provide that the act applies, even when a contractor is building on his or her own land, if the contractor is building for resale. In each situation, there is, or soon will be, a customer.

In light of the Legislature's purpose, we believe that it generally did not intend the act to apply when a contractor is building without a customer. Thus, RCW 18.27.090(12) provides that a contractor who builds on his or her own land, not for purposes of resale, is exempt from the act's requirements.

■ Based on these observations, we believe the Legislature intended RCW 18.27.090(12) to exempt any contractor who builds without a customer, regardless of whether that contractor is an individual or a corporation. Thus, we hold,

for purposes of RCW 18.27.090(12), that the word "person" includes corporations as well as individuals.[11]

Productization argues that RCW 18.27.090(13) supersedes or limits RCW 18.27.090(12). RCW 18.27.090(13) states that the contractor registration act shall not apply to

> Owners of commercial properties who use their own employees to do maintenance, repair, and alteration work in or upon their own properties;

We see no reason why subsection (13) would supersede or limit subsection (12). It is but another expression of the idea that a contractor will be exempt from registration if the contractor has no customer who needs protection. It also minimally extends subsection (12) by providing that a commercial owner who uses his or her own employees to maintain, repair or alter his or her own property will be exempt from registration, even if the work is done with the intention of selling the improved property.[12]

Productization also argues that the Supreme Court held in *Frank*, that the word "person" as used in RCW 18.27.090(12) does not encompass corporations. Productization bases its argument on the following statement from *Frank*:

> The Court of Appeals observed that the above exemption delineated two categories of landowners: (1) *individuals* working on their own property with no intention of selling and who are exempt . . .; and (2) *individuals* working on their own property who intend to sell and who are not exempt.

(Italics ours.) 108 Wn.2d at 473.

This argument fails. The Supreme Court was not holding that RCW 18.27.090(12) does not exempt corporations; indeed, the court did not even have a corporate party before it. Both the plaintiff and defendant were individuals, and

---

[11]To some extent, at least, this holding is supported by RCW 1.16.080. According to that statute, "[t]he term 'person' may be construed to include . . . any public or private corporation, as well as any individual."

[12]To the extent that subsection (13) extends subsection (12), it appears to reflect a legislative judgment that a future buyer of commercial property needs less statutory protection than a future buyer of noncommercial property. *Cf. Bremmeyer*, 90 Wn.2d at 792-93 (quoting remarks of Representative Andersen).

the court was merely using language appropriate to the particular facts.[13]

To summarize this part of our discussion, Pope's corporate status did not disqualify it from claiming an exemption under RCW 18.27.090(12). The trial court's unchallenged findings of fact establish that Pope was working on its own land, and that it was not constructing an improvement for the purpose of selling the improved property. Thus, it met the requirements of RCW 18.27.090(12), and it was not required to register under the act.

### III

Having determined that Productization was required to register and that Pope has standing to assert the act, we turn to whether the act bars Productization from enforcing the arbitration clause in article 16. The answer is yes.

RCW 18.27.080 provides in pertinent part:

> No person engaged in the business or acting in the capacity of a contractor may bring or maintain any action in any court of this state for the collection of compensation for the performance of any work or for breach of any contract for which registration is required under this chapter without alleging and proving that he was a duly registered contractor and held a current and valid certificate of registration at the time he contracted for the performance of such work or entered into such contract.

RCW 18.27.080.

Productization argues that even though RCW 18.27.080 bars an unregistered, nonexempt contractor from enforcing a contract term calling for compensation, it does not bar the enforcement of other contract terms, such as an arbitration clause. In our view, however, the goal of compelling arbitration is not simply to have an arbitration proceeding; rather, it is to collect compensation by obtaining and then enforcing a favorable arbitration award. Thus, we hold that

---

[13]Moreover, when the Supreme Court made the quoted statement, it was not pronouncing a holding of its own. It was merely paraphrasing previous observations made by the Court of Appeals, and the Court of Appeals had not distinguished between individuals and corporations. 46 Wn. App. at 139.

RCW 18.27.080 bars an unregistered, nonexempt contractor from enforcing an agreement to arbitrate.[14]

Productization further argues that even if RCW 18.27.080 might bar the enforcement of an arbitration clause in a case brought by an unregistered, nonexempt contractor, it does not bar the enforcement of such a clause where the contractor is responding to a suit brought by the customer. It is responding to a suit brought by Pope, so it says that RCW 18.27.080 does not affect its ability to require arbitration.

RCW 18.27.080 prohibits an unregistered, nonexempt contractor from pursuing a claim or counterclaim against the customer, *Rutherford v. Ford*, 12 Wn. App. 813, 532 P.2d 283, *review denied*, 85 Wn.2d 1009 (1975), but it does not prohibit the contractor from defending a claim brought by the customer. *Anderson v. Frandsen*, 36 Wn. App. 353, 674 P.2d 208 (1984). In short, RCW 18.27.080 bars an unregistered, nonexempt contractor from seeking affirmative relief, but it does not bar such contractor from seeking to negate relief sought by another party.

Given these principles, the question here is whether a contractor who seeks to compel arbitration in the context of a suit initiated by the customer is claiming affirmative relief, or merely attempting to negate relief sought by the customer. When a contractor seeks to compel arbitration in the context of a suit initiated by the customer, the contractor is not merely defending on the basis that the customer's claim lacks merit; rather, the contractor is affirmatively seeking to have the claim transferred to, and heard by, a different forum. Further, when a contractor seeks to compel arbitration in the context of a suit initiated by the customer, the contractor is the only party seeking to enforce the parties' arbitration contract; having chosen to file suit, the customer will generally, as here, be resisting arbitration. Thus,

---

[14]Parenthetically, if an unregistered, nonexempt contractor were to be granted an order compelling arbitration, and if it were then to secure a favorable arbitration award, it could only enforce the award by means of a court action seeking confirmation. RCW 7.04.150-.210. Although we need not reach the precise question here, it is clearly arguable that an action of that sort would be "for the collection of compensation" within the meaning of RCW 18.27.080.

it is our view that a contractor who seeks an order compelling arbitration is making a claim of its own which, if granted, will involve affirmative relief, notwithstanding that the claim is made in the context of a suit initiated by the customer. Here, then, RCW 18.27.080 bars Productization from enforcing the arbitration clause in article 16.

Productization has two remaining arguments. It argues that the Superior Court lacked jurisdiction over the subject matter of the case. However, the superior court clearly has jurisdiction over cases of this type. Const. art. 4, § 6 (amend. 6); *Pedersen v. Klinkert*, 56 Wn.2d 313, 320, 352 P.2d 1025 (1960). Moreover, the superior court properly exercises that jurisdiction where one party to an arbitration agreement is disqualified from enforcing it, and the other party seeks to litigate rather than arbitrate.

Productization also appears to argue that RCW 7.04, the voluntary arbitration statute, preempts or otherwise overrides RCW 18.27.080 when the question is whether an arbitration clause can be enforced. Being entirely without support, this argument fails.

In summary, RCW 18.27.080 bars an unregistered, nonexempt contractor from enforcing an arbitration clause. Productization was an unregistered, nonexempt contractor at the times material hereto, and Pope has standing to assert the contractor registration act. Thus, the trial court did not err when it denied Productization's motion to compel arbitration.

Affirmed.

ALEXANDER and SEINFELD, JJ., concur.