[No. 19848-7-II. Division Two. February 21, 1997.]

SAMUEL DAVIDSON, ET AL., *Appellants*, v. BRUCE HENSEN, ET AL., *Respondents*.

188

*Willard G. Smith, Jr.,* and *Seligmann Beckerman, P.L.L.C.,* for appellants.
*Kathryn E. Meyers Carruthers,* for respondents.

ARMSTRONG, J. — Bruce Hensen contracted to build a house for Samuel and Elizabeth Davidson. Disputes arose, and Hensen sought arbitration pursuant to the contract. After the close of evidence in the arbitration hearing, the Davidsons learned that Hensen's contractor registration and security bond may have lapsed. The arbitrator refused to consider any additional evidence and rendered an award for Hensen. Hensen then petitioned the Superior Court to confirm the award and the Davidsons objected, arguing that RCW 18.27.080 bars unregistered contractors from maintaining a court action to collect compensation. The trial court, finding no error on the face of the award, confirmed the award. Because trial court review of an arbitration award is limited to the face of the award where no error is apparent, we affirm.

## FACTS

Bruce Hensen agreed to remodel a barn into a house for the Davidsons. The parties signed a written contract on January 25, 1994, and Hensen began work on January 31, 1994.

After disputes arose, Hensen, in December 1994, filed for arbitration as required under the contract. The Davidsons' counsel contacted the Department of Labor and

Industries on April 21, 1995, and was told that it appeared Hensen had been continuously licensed and bonded, as required by RCW 18.27, since 1989 with no substantial lapses. The Davidsons' attorney requested copies of documents confirming Hensen's registration status that same day.

The arbitration hearing began a few days later. The parties questioned Hensen about his registration status, although the exact nature and scope of the questioning is disputed. After several days of hearings, the arbitrator asked if either side had any additional evidence to present. Both sides agreed that they had completed their cases except for the posthearing briefs. The arbitrator then closed the evidentiary hearing on May 1 and began drafting the award.

On May 12, 1995, the Davidsons' attorney received a certified copy of Hensen's registration status from the Department of Labor and Industries. The document showed that Hensen's registration had lapsed on March 30, 1994, and that his bond had lapsed on January 31, 1994. A few days later, the Davidsons moved to reopen the hearing. The arbitrator denied the request and then awarded Hensen approximately $7,500.

When Hensen moved to confirm the award, the Davidsons argued that, because Hensen was not registered and insured at the time of contracting, the court should vacate the award. The trial court found that the arbitrator had heard and determined Hensen's registration status. The court also ruled that it was limited to reviewing the face of the arbitration award unless a party was deprived of a full and fair hearing. Because no error existed on the face of the award,[1] the trial court confirmed the arbitration award. The Davidsons appeal.

## ANALYSIS

The Davidsons argue that the trial court erred in

---

[1]There was one minor error on the award concerning an overcharge to the Davidsons. The trial court corrected this error and it is not relevant on appeal.

confirming the arbitration award because RCW 18.27.080 bars unregistered contractors from bringing court actions to collect compensation. They ask us to remand the case for an additional hearing on Hensen's registration status.

## A. Contractor Registration and Court Actions under RCW 18.27.080

The parties agree that Hensen is subject to the contractor registration requirements of RCW 18.27. The Legislature enacted the registration statutes to protect the public from unreliable, fraudulent, financially irresponsible, or incompetent contractors. RCW 18.27.140; *Pope & Talbot, Inc. v. Productization, Inc.*, 74 Wn. App. 197, 204, 872 P.2d 78 (1994). Under these laws, a contractor must apply for a certificate of registration under RCW 18.27.030, file a surety bond under RCW 18.27.040, and file proof of insurance under RCW 18.27.050. The certificate of registration is valid for one year, until the contractor's bond expires, or until the contractor's insurance expires, which ever occurs first. RCW 18.27.060.

RCW 18.27.080 prohibits an unregistered contractor from seeking affirmative relief against a customer, either through a claim or counterclaim.[2] *Pope*, 74 Wn. App. at

---

[2]RCW 18.27.080 provides in part that:

No person engaged in the business or acting in the capacity of a contractor may bring or maintain any action in any court of this state for the collection of compensation for the performance of any work or for breach of any contract for which registration is required under this chapter without alleging and proving that he was a duly registered contractor and held a current and valid certificate of registration at the time he contracted for the performance of such work or entered into such contract. For the purposes of this section, the court shall not find a contractor in substantial compliance with the registration requirements of this chapter unless: (1) The department has on file the information required by RCW 18.27.030; (2) the contractor has a current bond or other security as required by RCW 18.27.040; and (3) the contractor has current insurance as required by RCW 18.27.050. In determining under this section whether a contractor is in substantial compliance with the registration requirements of this chapter, the court shall take into consideration the length of time during which the contractor did not hold a valid certificate of registration.

207. Furthermore, RCW 18.27.080 prohibits an unregistered contractor from seeking a court order compelling a customer to participate in arbitration. *Pope*, 74 Wn. App. at 206-07. An unlicensed contractor, however, may still defend against claims brought by a customer. *Pope*, 74 Wn. App. at 207. And, the Act does not give customers the right to reimbursement if they have already paid an unregistered contractor. *Vedder v. Spellman*, 78 Wn.2d 834, 838, 480 P.2d 207 (1971).

## B. Judicial Review of Arbitration Awards

The Davidsons argue that, because RCW 18.27.080 bars Hensen from using the courts to seek compensation if he is unregistered, the court erred in confirming the arbitration award. They cite a California decision, holding that the court shall vacate arbitration awards to unregistered contractors on policy grounds. The Davidsons urge the adoption of a similar rule in Washington.

The purpose of arbitration is to settle controversies without litigation. *Westmark Properties, Inc. v. McGuire*, 53 Wn. App. 400, 402, 766 P.2d 1146 (1989). To this end, an arbitrator becomes the judge of both the facts and the law. *Northern State Constr. Co. v. Banchero*, 63 Wn.2d 245, 249, 386 P.2d 625 (1963). Under RCW 7.04.150-.170, the trial court has the limited power to confirm, vacate, modify, or correct an arbitration award. *Barnett v. Hicks*, 119 Wn.2d 151, 157, 829 P.2d 1087 (1992). But judicial review of an arbitration award is limited to the face of the award.[3] *Boyd v. Davis*, 127 Wn.2d 256, 263, 897 P.2d 1239 (1995). Unless the face of the award shows an error of law,

---

[3]A court, however, has no jurisdiction to enter a void judgment and no jurisdiction to confirm a void arbitration award under RCW 7.04.150. *ACF Property Management, Inc. v. Chaussee*, 69 Wn. App. 913; 921, 850 P.2d 1387, *review denied*, 122 Wn.2d 1019 (1993). Once a court determines that an arbitration award is void and, thus beyond its jurisdiction to confirm, the court's inquiry ends. *ACF Property*, 69 Wn. App. at 922. The Davidsons, however, do not argue that RCW 18.27.080 is jurisdictional in nature. Furthermore, because a homeowner can enforce a contract with an unregistered contractor in the courts, the statute does not appear jurisdictional.

the award will not be vacated or modified. *Boyd*, 127 Wn.2d at 263; *Lindon Commodities, Inc. v. Bambino Bean Co.*, 57 Wn. App. 813, 816, 790 P.2d 228 (1990). Judicial review of an arbitration award, therefore, does not include a review of the merits of the case. *Barnett*, 119 Wn.2d at 157; *Westmark*, 53 Wn. App. at 402. Accordingly, the evidence before the arbitrator will not be considered by the court. *Lindon*, 57 Wn. App. at 816.

The California Supreme Court, however, in a 4-3 decision, held that arbitrators exceed their powers in rendering an award for an unregistered contractor. *Loving & Evans v. Blick*, 33 Cal.2d 603, 204 P.2d 23, 26-27 (1949). The *Loving* court reasoned that a building contract with an unlicensed contractor was an illegal contract "for completion of the contract 'necessarily would involve the performance of illegal acts.' " *Loving*, 204 P.2d at 26 (quoting *Wise v. Radis*, 74 Cal. App. 765, 242 P. 90, 94 (1925)); *see also Vedder*, 78 Wn.2d at 838 (RCW 18.27.080 does not penalize a customer who contracts with an unlicensed contractor, but this does not make the contract legal with regard to the contractor's rights). And, because an illegal contract is void, the majority concluded no action may be brought to enforce it. *Loving*, 204 P.2d at 25.

The dissenters in *Loving* agreed that a law declaring certain contracts illegal may not be circumvented through arbitration and subsequent court confirmation. *Loving*, 204 P.2d at 30 (Shenk, J., dissenting). They argued, however, that a contract with an unlicensed contractor is not an illegal contract. *Loving*, 204 P.2d at 30 (Shenk, J., dissenting). The homeowner may enforce the contract, and the contractor may use the contract as a defense in a court action. *Loving*, 204 P.2d at 30-31 (Shenk, J., dissenting). Washington law is similar. *See Pope*, 74 Wn. App. at 207 (contractor may defend against claims brought by customer). Also, in Washington, customers may not recover amounts already paid to unregistered contractors. *Vedder*, 78 Wn.2d at 838. We agree with the dissent. Because both parties have rights under such a contract, it cannot be

properly characterized as illegal. *See Vedder*, 78 Wn.2d at 839-40 (Neill, J., concurring).

More importantly, the court can decide only the legality of the contract by looking behind the award. As noted, the face of the award shows no legal error and says nothing about the licensing status of Hensen. Furthermore, the trial court found that the arbitrator had heard and determined Hensen's registration status. Thus, to follow *Loving*, the trial court would have to revisit an issue that had been submitted to the arbitrator. The Davidsons suggest a further hearing is appropriate because they now have compelling evidence, not presented to the arbitrator, on Hensen's licensing status. But, the trial court has no authority to review issues that were imperfectly presented or even wrongly decided by the arbitrator unless the error shows on the face of the award. *See Barnett*, 119 Wn.2d at 157 (judicial review of arbitration award does not include merits of award); *Lindon*, 57 Wn. App. at 816 (court will not consider evidence before arbitrator); *see also Boyd*, 127 Wn.2d at 262 (partial trial de novo in reviewing award would frustrate objectives of arbitration). The parties to a contract may raise various legal issues, for example, the statute of frauds, the statute of limitations, and failure of consideration. These are matters appropriate for arbitration, and not for the trial court to revisit if doing so requires it to look behind the arbitration award. *See Shaff v. Skahill*, 617 A.2d 960, 963 n.9 (D.C. App. 1992) (no grounds to vacate arbitration award where contractor registration status argued to the arbitrator who presumably resolved the issue in favor of the contractor). We conclude that the trial court properly refused to consider the merits of the licensing question.

To do otherwise would defeat the very purpose of arbitration — to resolve disputes without litigation. *Barnett*, 119 Wn.2d at 160. "Encouraging parties voluntarily to submit their disputes to arbitration is an increasingly important objective in our ever more litigious society." *Boyd*, 127 Wn.2d at 262. This objective would be frustrated

if the trial court were permitted to conduct even a partial trial de novo when reviewing an arbitration award. *Boyd*, 127 Wn.2d at 262.

## C. Vacation of Arbitration Awards Based on Arbitrator Misconduct

■■ The Davidsons then seek to vacate the arbitration award under RCW 7.04.160(3), arguing that the arbitrator was guilty of misconduct in refusing to hear evidence pertinent and material to the controversy. The Davidsons, however, concede that the decision to reopen the arbitration hearing lay within the arbitrator's discretion. Under the American Arbitration Association rules, an arbitration hearing *may* be reopened by either an application of the parties or on the arbitrator's initiative. The arbitrator also had discretion to admit the information into evidence without reopening the hearing.

The arbitrator closed the evidentiary hearing on May 1, 1995, after asking if either side had additional evidence. The parties had already presented some evidence concerning Hensen's registration status. Both sides agreed that they had completed their cases except for the posthearing briefs. More than two weeks later, the Davidsons sought to reopen the hearing after receiving the departmental letter. The arbitrator, within his discretion, denied this request. The trial court, therefore, did not err in refusing to vacate the award based on alleged misconduct by the arbitrator in refusing to hear the additional evidence.

We affirm.

HOUGHTON, C.J., and BRIDGEWATER, J., concur.

Review granted at 132 Wn.2d 1006 (1997).