113 P.3d 483 (2005)
Darin ANDRIES and Laureen Andries, Husband and Wife and the Marital Community composed thereof, Appellants,
v.
Donald E. COVEY and Marie E. Covey, Husband and Wife and the Marital Community composed thereof, Respondents.
No. 53783-1-I.
Court of Appeals of Washington, Division One.
March 7, 2005.
As Amended on Grant of Reconsideration April 13, 2005.
Reconsideration Denied September 2, 2005.
Jeffrey G. Poole, Scott A. Marks, Poole & Associates P.C., Seattle, WA, for Appellants.
Dennis L. Potter, Attorney at Law, Seattle, WA, or Respondents.

*484 OPINION PUBLISHED IN PART
BAKER, J.
¶ 1 This appeal is from a superior court summary proceeding authorized by RCW 60.04.081, which allows an owner of real property to challenge a lien as frivolous or excessive. The trial court concluded that the lien filed by Donald and Marie Covey against a house owned, and later sold, by Darin and Laureen Andries was not frivolous or excessive. But the trial court also allowed the Coveys to counterclaim for money owed, and ordered the clerk of the court to issue a case schedule. To protect the limited and summary nature of the proceeding, we reverse the court's order allowing the Coveys to counterclaim.
¶ 2 Donald and Marie Covey rented a home from Darin and Laureen Andries. In exchange for reduced rent, the Coveys agreed to make some improvements to the home that were meant to increase the sale value of the house. The Coveys hired outside labor, subcontractors, and provided materials. In September of 2003, the Coveys were informed by the Andries that a buyer for the house had been found. At the time, the Coveys were dissolving their marriage, and in an effort to preserve community property, they filed a lien on the property.
¶ 3 Pursuant to chapter 60.04 RCW, the Andries filed a motion for an order to show cause why the Coveys' lien should not be declared frivolous. The Coveys and the Andries then stipulated that the Andries would deposit one and one-half times the amount of the lien into the court registry as a bond in lieu of the lien, as provided for in RCW 60.04.161. The money was deposited, the lien was released, and the house was sold.
¶ 4 During the litigation regarding the lien, the court granted the Coveys leave to amend their response to include a counterclaim for money owed. The court also ordered the clerk's office to issue a case schedule. Ultimately, the trial court found the lien was neither frivolous nor excessive.
¶ 5 The Andries argue that the court erred by allowing the Coveys to counterclaim for money owed.[1] We review a trial court's decision to grant a request to amend a pleading for manifest abuse of discretion.[2] But the underlying question of whether a trial court may allow counterclaims during the summary proceeding authorized by RCW 60.04.081 is a question of law and we review questions of law de novo.[3]
¶ 6 RCW 60.04.081 "creates a summary proceeding in which a property owner may quickly obtain the release of a lien that is frivolous and made without reasonable cause or is clearly excessive."[4] The statutory procedure is "in the nature of a trial by affidavit."[5] We have ruled that "the Legislature intended to allow a resolution of factual disputes in this summary proceeding."[6] But "the statute's implicit requirement that the trial court make these factual determinations does not turn this summary proceeding into a substitute for a trial on the merits when the facts do not clearly indicate the lien is frivolous and without reasonable cause or is excessive."[7] Nowhere in the statute does the Legislature give the trial court authority *485 to expand this summary proceeding into a suit to foreclose the lien or to recover on a contractual theory.[8]
¶ 7 The Coveys argue that our case law has allowed counterclaims in other kinds of special proceedings, and the same should be true for this special proceeding. But all of the examples offered by the Coveys are inapposite. In Hamilton v. Huggins,[9] a party was allowed to counterclaim during a partition action, but a partition action is initiated by a complaint.[10] A summary proceeding under RCW 60.04.081 does not require a complaint.[11]
¶ 8 The holding in Pacific Erectors, Inc. v. Gall Landau Young Construction Co.,[12] is no more helpful, because the action was initiated through a lien foreclosure suit combined with another civil action and thus, clearly governed by the civil rules.[13] Further, the court in Pacific explained that under CR 81(a) the civil rules govern all civil proceedings "[e]xcept where inconsistent with rules or statutes applicable to special proceedings...."[14] The court noted that RCW 60.04.100 was a special proceeding with its own service requirements, and at least one general rule of civil procedure did not apply.[15]
¶ 9 Although some statements in Savings Bank of Puget Sound v. Mink[16] appear to support the Coveys' argument, our holding does not. In Mink, we noted that under exceptional circumstances, a party may make counterclaims in an unlawful detainer action under RCW 59.12.030.[17] But we found no factual evidence to support taking that exceptional step.[18] We commented that an unlawful detainer action "is a narrow one, limited to the question of possession .... [and] to protect the summary nature of the unlawful detainer proceedings, other claims, including counterclaims, are generally not allowed...."[19] We further ruled that a constitutional challenge to the limitations of the unlawful detainer proceedings did not have merit, because the counterclaiming party could raise his claims in some other, proper proceeding.[20]
¶ 10 We likewise conclude here that an RCW 60.04.081 proceeding is narrow and limited to the question of a whether a lien is frivolous or excessive. To protect the summary nature of that proceeding, other claims should generally not be permitted. The Coveys do not present any facts that justify taking the exceptional step of altering the limited, summary nature of this proceeding. Instead, the Coveys may raise their counterclaims in some other, proper proceeding.
¶ 11 The Andries also appeal several other issues, including the court's base conclusion that the lien was not frivolous or excessive.
¶ 12 The Andries argue that because the Coveys failed to register as a contractor, they had no legal right to file a lien; therefore the lien was frivolous. Chapter 18.27 RCW is commonly known as the Contractor's Registration Act (CRA).[21] Under the CRA, a contractor includes any person who undertakes to construct, alter, or improve any building or "who, to do similar work upon his or her own property, employs members of *486 more than one trade upon a single job or project ...."[22] The CRA prohibits any person who is required to be registered as a contractor but has failed to do so, from bringing or maintaining any action to collect compensation.[23] Nor may such a person file or foreclose a lien.[24]
¶ 13 The Andries assert that the Coveys were a "contractor" under RCW 18.27.010 and RCW 18.27.090(12) because the Coveys performed work for the purpose of selling the property and because they hired other trades and supplied materials to perform the work.[25] The Andries argue that because the Coveys were not registered, they were prohibited by RCW 18.27.080 from filing a lien.
¶ 14 The Coveys were not required to register as a contractor because they were exempted by RCW 18.27.090(12), which states that the registration provisions of chapter 18.27 RCW do not apply to
[a]ny person working on his or her own property, whether occupied by him or her or not, and any person working on his or her personal residence, whether owned by him or her or not but this exemption shall not apply to any person otherwise covered by this chapter who constructs an improvement on his or her own property with the intention and for the purpose of selling the improved property; .... [[26]].
¶ 15 The Andries argue that the Coveys do not qualify under this exemption because they worked to improve the value of the property with the intent to sell. But the Andries misconstrue the exemption.
¶ 16 In the plain language of the statute, two kinds of persons are exempted from registration: 1) "[a]ny person working on his or her own property, whether occupied by him or her or not" (owners, both resident and absentee); and 2) "any person working on his or her personal residence, whether owned by him or her or not" (residents, whether or not owners).[27] The Coveys fit under the second part of the exemption.
¶ 17 The exemption does not apply to "any person otherwise covered by this chapter who constructs an improvement on his or her own property with the intention and for the purpose of selling the improved property,"[28] the same language used to described exempt owners: "a person working on his or her own property." Thus, bases on the plain language of the statute, the Legislature defined the subgroup that is not exempted as owners who improve their property with intent to sell.
¶ 18 The Andries argue that our Supreme Court in Frank v. Fischer[29] held that a person who performs work on a residence with the intention of improving the residence for sale does not qualify for the exemption provided by RCW 18.27.090. But Frank did not focus on owners versus residents, but on the difference between owners who physically performed their own work and those that did not.[30] The court concluded that because Fischer did not intend to sell, he qualified for the exemption, and it did not matter that he did not personally perform the work.[31]
¶ 19 Nothing in Frank or the language of RCW 18.27.090(12) allows the inference that a nonowner resident working on a house for the owner does not qualify for the exemption, even if both the owner and he resident know that the owner's intention is to sell. Because the Coveys were residents, but not owners of the property on which they worked, they were still exempt. The Andries' intent to sell did not impute to the Coveys. The Coveys did not need to register as contractors. *487 Therefore, the Andries' argument that the Coveys' lien was frivolous because they did not register fails.
¶ 20 The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.
WE CONCUR: ELLINGTON, A.C.J., and BECKER, J.
NOTES
[1] The Andries originally appealed only the conclusion that the lien was not frivolous or excessive but later amended the appeal to include 1) the Order to Disburse Attorney Fees from the Registry & Order Granting Defendants Leave to Amend Response, 2) the Order Denying Motion for Reconsideration & Granting Defendant Motions Granting RCW 60.04.081 Attorney Fees on Appeal & Statutory Interest on Fees if Upheld, and 3) the Order Denying 2nd Motion for Reconsideration & Imposing Terms. The Coveys moved for this court to deny the amendment to the appeal as untimely. Despite any possible infirmities to the amendment, we grant discretionary review under RAP 2.3(b) and RAP 5.1(c).
[2] McDonald v. State Farm Fire and Cas. Co., 119 Wash.2d 724, 737, 837 P.2d 1000 (1992) (citing Herron v. Tribune Publ'g Co., 108 Wash.2d 162, 736 P.2d 249 (1987)).
[3] Wash. Pub. Ports Ass'n v. Dep't of Revenue, 148 Wash.2d 637, 645, 62 P.3d 462 (2003).
[4] W.R.P. Lake Union Ltd. P'ship v. Exterior Servs., Inc., 85 Wash.App. 744, 749, 934 P.2d 722 (1997).
[5] W.R.P., 85 Wash.App. at 750, 934 P.2d 722.
[6] W.R.P., 85 Wash.App. at 750, 934 P.2d 722.
[7] W.R.P., 85 Wash.App. at 753, 934 P.2d 722.
[8] RCW 60.04.081 (but if an action to foreclose the lien has already been filed, this proceeding becomes part of that action).
[9] 70 Wash.App. 842, 855 P.2d 1216 (1993).
[10] Hamilton, 70 Wash.App. at 844-45, 855 P.2d 1216.
[11] RCW 60.04.081.
[12] 62 Wash.App. 158, 813 P.2d 1243 (1991).
[13] Pacific, 62 Wash.App. at 161-62, 813 P.2d 1243.
[14] CR 81(a); Pacific, 62 Wash.App. at 167, 813 P.2d 1243.
[15] Pacific, 62 Wash.App. at 167, 813 P.2d 1243.
[16] 49 Wash.App. 204, 741 P.2d 1043 (1987).
[17] Mink, 49 Wash.App. at 208-09, 741 P.2d 1043.
[18] Mink, 49 Wash.App. at 209-10, 741 P.2d 1043.
[19] Mink, 49 Wash.App. at 209, 741 P.2d 1043 (quoting Munden v. Hazelrigg, 105 Wash.2d 39, 45, 711 P.2d 295 (1985)).
[20] Mink, 49 Wash.App. at 210, 741 P.2d 1043.
[21] Mendez v. Palm Harbor Homes, Inc., 111 Wash.App. 446, 454, 45 P.3d 594 (2002).
[22] RCW 18.27.010(1).
[23] RCW 18.27.080.
[24] RCW 18.27.080; see Udall Const. Co. v. Elliott, 18 Wash.App. 850, 852, 573 P.2d 809 (1977) (where the court considered whether a contractor substantially complied with the requirements of chapter 18.27 RCW to have the right to foreclose on a lien).
[25] RCW 18.27.010.
[26] RCW 18.27.090(12).
[27] RCW 18.27.090(12).
[28] RCW 18.27.090(12).
[29] 108 Wash.2d 468, 739 P.2d 1145 (1987).
[30] Frank, 108 Wash.2d at 474, 739 P.2d 1145.
[31] Frank, 108 Wash.2d at 474, 739 P.2d 1145.