[No. 65616-3-I.    Division One.    July 25, 2011.]

BLUE DIAMOND GROUP, INC., *Appellant*, v. KB SEATTLE 1, INC., ET AL., *Respondents*.

*Kihyon Kim*, pro se.

*Scott G. Wolfe, Jr.* (of *Wolfe Law Group LLC*) and *Jason T. Stone*, for appellant.

*Scott E. Feir* and *Luke J. Campbell* (of *Montgomery Purdue Blankinship & Austin*), for respondent WEA Southcenter, LLC.

¶1 Cox, J. — Anyone " 'furnishing labor, professional services, materials, or equipment for the improvement of real property' " is entitled to a lien upon the improvement to secure payment of the amounts owed.[1] Here, Blue Diamond Group Inc. seeks to foreclose what it claims is a lien against certain improved property. Because the construction management services that Blue Diamond claims to have provided do not fall within the provisions of RCW 60.04.021, there is no valid lien against the property. The trial court properly granted summary judgment dismissing this action

---

[1] *Pac. Indus., Inc. v. Singh*, 120 Wn. App. 1, 7, 86 P.3d 778 (2003) (quoting RCW 60.04.021).

and awarding fees to WEA Southcenter LLC, the prevailing party.

¶2 Kudo Beans Seattle 1 Inc. (KB Seattle) signed a lease with WEA Southcenter for a kiosk space in the Westfield Southcenter Mall on May 1, 2008. The lease was for 659 square feet in the middle of the mall's food court where KB Seattle planned to operate a coffee kiosk. The lease agreement permitted KB Seattle to build tenant improvements in the leased space.

¶3 Kudo Beans Inc. and Kudo Beans Franchising Inc. (collectively KB Franchisors) are the corporate franchisors of the Kudo Beans coffee chain. KB Seattle is a Kudo Beans franchise.

¶4 KB Seattle commenced construction of its coffee stand sometime in May 2008. Subsequently, on July 3, 2008, KB Franchisors entered into a contract with Blue Diamond, a New York corporation, to manage the construction of the KB Seattle coffee kiosk.

¶5 Following the completion of the coffee stand, Blue Diamond did not receive payment for its work under the construction management contract. Blue Diamond recorded a lien against the improved property in early October 2008 for the unpaid balance of the contract, $77,615.62. Blue Diamond commenced this action against KB Seattle, KB Franchisors, the personal guarantors of those corporate entities, and WEA Southcenter to foreclose the lien it claimed in the October 2008 recording. WEA Southcenter moved for summary judgment. The trial court granted the motion on two bases: Blue Diamond (1) did not register as a contractor and (2) has no lien rights under Washington law.

¶6 The trial court also awarded WEA Southcenter its reasonable attorney fees.

¶7 Blue Diamond appeals.

## SUMMARY JUDGMENT

¶8 Blue Diamond argues that the trial court erred in summarily dismissing this lien foreclosure action. It first

claims that this action is not barred because it is not required to register as a contractor. It also proceeds on the apparent assumption that the work it provided falls within the provisions of RCW 60.04.021. We disagree with the second claim and, therefore, need not decide the first.

¶9 A trial court must grant a motion for summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.[2] The moving party bears the initial burden of showing the absence of an issue of material fact.[3] If the moving party is a defendant who meets the initial burden, then the inquiry shifts to the party with the burden of proof at trial.[4] If that party fails to make a showing sufficient to establish an element essential to its case, and on which that party bears the burden of proof at trial, then the trial court should grant the motion.[5]

¶10 This court reviews a motion for summary judgment de novo, construing all facts and reasonable inferences from those facts in the light most favorable to the nonmoving party.[6] This court may affirm summary judgment on any grounds supported by the record.[7]

## Validity of Claimed Lien

¶11 Where summary judgment is predicated on an issue of statutory interpretation, appellate courts review the trial court's interpretation of the statute and its appli-

---

[2] CR 56(c).

[3] *See Right-Price Recreation, LLC v. Connells Prairie Cmty. Council*, 146 Wn.2d 370, 381, 46 P.3d 789 (2002) (quoting *Young v. Key Pharm., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989)).

[4] *Id.* at 381-82.

[5] *Id.*

[6] *Simpson Tacoma Kraft Co. v. Dep't of Ecology*, 119 Wn.2d 640, 646, 835 P.2d 1030 (1992); *Michak v. Transnation Title Ins. Co.*, 148 Wn.2d 788, 794, 64 P.3d 22 (2003).

[7] *Allstot v. Edwards*, 116 Wn. App. 424, 430, 65 P.3d 696 (2003).

cation to a particular set of facts de novo.[8] If a statute's meaning is plain on its face, this court must follow that plain meaning.[9] The plain meaning of a statute is discerned from the ordinary meaning of the language, the context of the statute, related provisions, and the statutory scheme as a whole.[10] If a term is defined in a statute, we must use that definition.[11]

■ ¶12 "A lien statute must be strictly construed to determine whether the lien attaches, and its benefits will be extended only to those who clearly come within the statute's terms."[12]

■ ¶13 RCW 60.04.021, the statute at issue here, specifies who may claim a lien under these circumstances:

> Except as provided in RCW 60.04.031, *any person furnishing labor, professional services, materials, or equipment* for the improvement of real property shall have a lien upon the improvement for the contract price of labor, professional services, materials, or equipment furnished at the instance of the owner, or the agent or construction agent of the owner.[13]

¶14 Here, the first question that we address is whether Blue Diamond can show that there is any genuine issue of material fact whether it is entitled to the benefits of the above statute. Specifically, we look for any evidence in this record that it furnished labor, professional services, materials, or equipment for the improvement of the property that it argues is subject to its lien claim. Having reviewed this record we find no such factual issue for trial.

---

[8] *Lake v. Woodcreek Homeowners Ass'n*, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010); *Spokane County v. Bates*, 96 Wn. App. 893, 896, 982 P.2d 642 (1999).

[9] *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002).

[10] *Udall v. T.D. Escrow Servs., Inc.*, 159 Wn.2d 903, 909, 154 P.3d 882 (2007) (quoting *Tingey v. Haisch*, 159 Wn.2d 652, 657, 152 P.3d 1020 (2007)).

[11] *Pac. Indus.*, 120 Wn. App. at 6.

[12] *Id.*

[13] (Emphasis added.)

¶15 As this court observed in *Pacific Industries, Inc. v. Singh*,[14] management and coordination services do not fall within the statutory definition of "labor," absent a clear showing that the labor was provided at the improved property.[15] Here, there is nothing to show that any "labor" was performed at the site of the improved property. In fact, an affidavit from Blue Diamond expressly disclaims "any physical work on the project." This record fails to show any genuine issue of material fact that the services at issue constituted "labor" within the meaning of the lien statute.

¶16 Whether the services were "professional services" within the meaning of the statute is the next question. Clearly, they were not.

¶17 RCW 60.04.011(13) defines "professional services" as

> surveying, establishing or marking the boundaries of, preparing maps, plans, or specifications for, or inspecting, testing, or otherwise performing any other architectural or engineering services for the improvement of real property.

"Where a statute specifically lists the things upon which it operates, there is a presumption that the legislating body intended all omissions, i.e., the rule of expressio unius est exclusio alterius applies."[16]

¶18 Here, the statute does not list "construction management," or any derivative thereof, as a professional service. Thus, under the above rule of statutory construction, we must presume that the legislature did not intend to make construction management services lienable under Washington law.

---

[14] 120 Wn. App. 1, 86 P.3d 778 (2003).

[15] *Id.* at 8-9. RCW 60.04.011(7) specifies, " 'Labor' means exertion of the powers of body or mind performed ***at the site*** for compensation." (Emphasis added.)

[16] *Wash. State Republican Party v. Pub. Disclosure Comm'n*, 141 Wn.2d 245, 280, 4 P.3d 808 (2000) (citing *In re Pers. Restraint of Hopkins*, 137 Wn.2d 897, 901, 976 P.2d 616 (1999)).

¶19 Blue Diamond relies on case authority from other jurisdictions to support its claim that construction management services are lienable under the laws of those jurisdictions. Those cases are irrelevant to the issue before us: whether the Washington Legislature intended such services to be lienable under RCW 60.04.021.

¶20 There is nothing in this record to support a claim for a lien under the remaining portions of the statute. In sum, there is no genuine issue of material fact whether Blue Diamond provided lienable services. It did not. WEA Southcenter was entitled to judgment as a matter of law.

¶21 The trial court properly granted summary judgment because the services here were not lienable.

### Contractor Status

¶22 Blue Diamond also argues that it is not a "contractor" as that term is defined by RCW 18.27.010. Thus, it claims it was not required to register as a contractor, and this suit is not barred by the failure to register.[17] Because the claimed lien is not valid, we need not decide this question. Dismissal of the foreclosure action was proper regardless of whether Blue Diamond is a contractor and, thus, required to register to maintain this action.

### ATTORNEY FEES

¶23 Blue Diamond argues that the trial court erred in awarding WEA Southcenter attorney fees. We disagree.

¶24 Generally, a court lacks authority to award attorney fees absent a contract, statute, or recognized

---

[17] *Coronado v. Orona*, 137 Wn. App. 308, 311, 153 P.3d 217 (2007); RCW 18.27.080.

ground of equity.[18] We review de novo a party's entitlement to attorney fees as an issue of law.[19]

¶25  Here, the trial court awarded WEA Southcenter its attorney fees in accordance with RCW 60.04.181(3). That statute provides that in a lien foreclosure action

> [t]*he court may allow the prevailing party in the action, whether plaintiff or defendant, as part of the costs of the action, the moneys paid for* recording the claim of lien, costs of title report, bond costs, and *attorneys' fees and necessary expenses incurred by the attorney in the superior court*, court of appeals, supreme court, or arbitration, as the court or arbitrator deems reasonable.[20]

¶26  WEA Southcenter is the prevailing party in this lien foreclosure action by Blue Diamond. This is sufficient to support the trial court's award of attorney fees under the statute.

¶27  Blue Diamond argues that RCW 60.04.181(3) is inapplicable here because WEA Southcenter did not prevail in a lien foreclosure action. It argues that Southcenter was dismissed from the case because Blue Diamond failed to register as a contractor, and that, therefore, the resolution of the case was under the contractor-registration act, chapter 18.27 RCW, and not the lien foreclosure statute. Blue Diamond bases this argument on *Frank v. Fischer*.[21] That case is not persuasive.

¶28  In *Frank*, Fischer contracted with Frank to build a personal residence.[22] Neither Fischer nor Frank was a registered contractor in the state of Washington.[23] But Fischer was a former contractor in the state of California

---

[18] *Int'l Raceway, Inc. v. JDFJ Corp.*, 97 Wn. App. 1, 7-8, 970 P.2d 343 (1999).

[19] *Blair v. Wash. State Univ.*, 108 Wn.2d 558, 571, 740 P.2d 1379 (1987).

[20] (Emphasis added.)

[21] 108 Wn.2d 468, 739 P.2d 1145 (1987).

[22] *Id.* at 470.

[23] *Id.*

and allegedly represented to Frank that he would act as the general contractor for the project.[24] Fischer paid Frank in part and thereafter refused to make further payments on the contract.[25] Frank brought an action for the unpaid balance of the contract, for fraud, and to foreclose on the lien he had filed against Fischer's property.[26] Fischer raised the statutory bar of RCW 18.27.080 and the trial court granted summary judgment in his favor.[27]

¶29 On appeal, the supreme court addressed the question whether a former contractor, who generally supervises the construction of his personal residence and employs various contractors on the project, may use RCW 18.27.080 to bar the claim of an unregistered contractor.[28] The court answered in the affirmative.[29] But the court declined to award attorney fees to Fischer, holding that "the basis for the resolution of this case is the contractor[']s registration statute, *not* the lien foreclosure statute. Moreover, the award of fees under RCW 60.04.130 is discretionary."[30]

¶30 Here, on the other hand, WEA Southcenter raised several defenses in response to Blue Diamond's action to foreclose on the lien. The trial court's written order, which is the final expression of its ruling, specifies two bases for dismissing the claims: failure to register and that the claims are not lienable. Thus, fees were properly awardable because of the second basis for dismissal.

¶31 Blue Diamond next argues that the trial court erred in awarding attorney fees under RCW 60.04.181 because that provision is inconsistent with RCW 60.04.081 and that

---

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] *Id.* at 471.

[29] *Id.* at 471-76.

[30] *Id.* at 477 (emphasis added).

statute should control on these facts. This argument is not persuasive.

¶32 RCW 60.04.081 provides that a property owner may move to have a lien on his property removed if it is frivolous.[31] That statute makes the award of attorney fees mandatory if the court finds that the lien was in fact frivolous.[32] In essence, Blue Diamond argues that WEA Southcenter's motion for summary judgment was essentially a motion under RCW 60.04.081 and that attorney fees are not appropriate because there was no finding by the trial court that the lien was frivolously filed.

¶33 This argument is unsupported by citation to the record or any persuasive authority and we need not address it further.[33]

¶34 WEA Southcenter requests attorney fees on appeal. On the basis of RCW 60.04.181(3) and RAP 18.1, it is also entitled to fees on appeal.

¶35 We affirm the summary-judgment order of dismissal.

SCHINDLER and LAU, JJ., concur.

---

[31] RCW 60.04.081(1).

[32] *Id.*

[33] *State v. Lord*, 117 Wn.2d 829, 853, 822 P.2d 177 (1991) (We may assume where counsel has cited no authority, he has found none.).