FILED
COURT OF APPEALS
DIVISION II

2015 MAY -5 AM 9: 27

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| BEVERLY GORDON, a single woman, | No. 45648-6-II |
| Appellant, | |
| v. | |
| KITSAP COUNTY, KITSAP COUNTY CHIEF OF CORRECTIONS NED NEWLIN, JOHN AND JANE DOES 1-20. BRAXTON MADISON NEAL, and JANE DOE NEAL, and the marital community comprised thereof, | UNPUBLISHED OPINION |
| Respondents. | |

LEE, J. — Beverly Gordon appeals the superior court's order granting summary judgment in favor of Kitsap County (County) and dismissing her negligence claim. Gordon's claim arose from an incident where an inmate in the Kitsap County Jail assaulted her while she was attempting to draw blood. Gordon argues that the County acted negligently by not preventing the assault. Assuming without deciding that the County owed Gordon some duty in this instance, we hold that Gordon has failed to present any evidence establishing the applicable standard of care that she alleges the County breached. Therefore, Gordon has failed to raise any genuine issue of material fact that the County breached a duty of care. The superior court correctly granted summary judgment in favor of Kitsap County, and we affirm.

## FACTS

Kitsap County contracted with Conmed to provide healthcare services for inmates in the Kitsap County Jail (Jail). Conmed employed Beverly Gordon as a nurse. The contract between

Conmed and the County provided that Conmed "assumes all legal, financial, and operational responsibility for the health care staff working under any contract." Clerk's Papers (CP) at 167. Further, the contract stated that Conmed "has a complete understanding of the types of services required, [and] the population served." CP at 168.

On January 24, 2010, Braxton Neal was booked into Jail for assaulting hospital staff at Kitsap Mental Health. Neal has a history of violence and mental health issues. Based on Neal's history, he was placed in the highest security "pod" in the Jail.[1] CP at 254. Neal was also designated as a "two person detail," requiring two officers to be present with Neal when he was removed from his cell but in his unit. CP at 195, 272, 274. Further, Neal was required to be restrained in belly chains when he was removed from the unit. While in the Jail, Neal was compliant with his medication and did not present any behavioral problems.

On February 4 and February 5, 2010, Conmed requested a blood draw from Neal. On February 4, a Conmed nurse performed a blood draw on Neal without incident. On February 5, Gordon went to the dayroom of Neal's unit to perform a second blood draw. Three correctional officers were in the dayroom with Gordon and Neal. Correctional officers instructed Gordon that Neal would be seated at a table across from her in the dayroom during the blood draw. Neal told Gordon that he preferred to stand during the blood draw. Contrary to Gordon's understanding of prevailing medical standards, she agreed. As Gordon prepared Neal's arm for the blood draw, he struck her in the face. Correctional officers immediately restrained him. Following the incident,

---

[1] Within Kitsap County Jail, pods are comprised of units, which are made up of cells and a dayroom.

the Jail increased Neal's restraints, and required him to be in belly chains and leg irons whenever he was removed from his cell.

On January 23, 2012, Gordon filed a complaint against the County, alleging that the County negligently allowed Neal to assault her. The County filed an answer, denying that it was negligent, and asserting that Gordon assumed any risk and was contributorily negligent.

Gordon moved for partial summary judgment.[2] The superior court denied Gordon's motion for partial summary judgment in its entirety on October 11, 2013.

On November 1, the County moved for summary judgment, seeking dismissal of Gordon's claims. The County argued that if a duty of reasonable care exists, Gordon failed to establish what constitutes "reasonable care" in this instance. CP at 218, 237.

The superior court granted the County's motion for summary judgment and dismissed Gordon's claims. Gordon then filed a motion for reconsideration, which the superior court denied. Gordon appeals the superior court's order denying her motion for partial summary judgment and the superior court's order granting the County's motion for summary judgment.[3]

---

[2] Gordon asked the trial court to rule that (1) the County had a duty to prevent Neal from harming others, (2) the County negligently allowed Neal to assault her, (3) Gordon was not contributorily negligent and her conduct was not a proximate cause of the assault, (4) she had not failed to mitigate damages, (5) she had not failed to state a claim upon which relief can be granted, (6) the County is not immune from her lawsuit, and (7) she had not voluntarily assumed the risk of injury.

[3] Gordon appeals the trial court's order denying her motion for partial summary judgment. However, she has failed to support that appeal with authority. Accordingly, we need only consider her appeal of the trial court's order granting the County's summary judgment motion. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (this court will not consider a challenge unsupported by argument or authority).

ANALYSIS

Gordon argues that the superior court erred by granting the County's motion for summary judgment. Because Gordon has not presented evidence as to what constitutes "reasonable standard of care" that the County allegedly breached in this instance, we affirm the superior court's summary judgment ruling.

A.   LEGAL STANDARD

We review a trial court's order granting summary judgment de novo, engaging in the same inquiry as the trial court. *Clark County Fire Dist. No. 5 v. Bullivant Houser Bailey P.C.*, 180 Wn. App. 689, 698, 324 P.3d 743, *review denied*, 181 Wn.2d 1008 (2014). We resolve all factual disputes and reasonable inferences in favor of the nonmoving party. *Id.* "[I]ssues of law are not resolved in either party's favor, but are reviewed de novo." *Rice v. Dow Chem. Co.*, 124 Wn.2d 205, 208, 875 P.2d 1213 (1994). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Clark County Fire*, 180 Wn. App. at 698. We may affirm a summary judgment order on any grounds supported by the record. *Blue Diamond Grp., Inc. v. KB Seattle 1, Inc.*, 163 Wn. App. 449, 453, 266 P.3d 881 (2011).

A defendant moving for summary judgment meets its initial burden by showing that there is an absence of evidence to support the plaintiff's case. *Dania, Inc. v. Skanska USA Bldg. Inc.*, ___ Wn. App. ___, 340 P.3d 984, 987 (2014). Then, the burden shifts to plaintiff to present specific facts demonstrating a genuine issue for trial. *Id.* "To avoid summary judgment in a negligence case, the plaintiff must show a genuine issue of material fact on each element of negligence—duty, breach, causation and damage." *Clark County Fire*, 180 Wn. App. at 699.

Here, as the nonmoving party, Gordon failed to establish a genuine issue of fact as to whether the County breached the standard of care because Gordon has failed to establish the applicable standard of care.

B.    STANDARD OF CARE

Gordon argues that the County was obligated to exercise "reasonable care" to control Neal and prevent him from harming her. Br. of Appellant at 9, 10, 15. However, beyond stating that the County had a duty to exercise "reasonable care," Gordon has not presented evidence as to what constitutes "reasonable care" in a correctional facility. Because Gordon has failed to establish the applicable standard of care, she is unable to establish a genuine issue of material fact as to whether the County breached that standard of care.

The County argues that expert testimony is required to establish the appropriate standard of reasonable care needed for handling inmates because it is a specialized issue that involves interrelated issues of jail security, inmates' constitutional rights, and statutory compliance. We agree.

Expert testimony may be required for establishing the standard of care for highly technical or specialized roles. *See Geer v. Tonnon*, 137 Wn. App. 838, 851, 155 P.3d 163 (2007) (holding expert testimony is necessary to establish the applicable standard of care for legal negligence claim), *review denied*, 162 Wn.2d 1018 (2008); *see also Seybold v. Neu*, 105 Wn. App. 666, 676, 19 P.3d 1068 (2001) (holding "[e]xpert testimony is required when an essential element in the case is best established by an opinion that is beyond the expertise of a layperson"). The manner and degree of handling inmates necessarily involves an inmate's civil and constitutional rights, and is an issue of jail security and jail policy. U.S. CONST. amend. VIII; *Farmer v. Brennan*, 511 U.S.

825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994); *McNabb v. Dep't of Corr.*, 163 Wn.2d 393, 405, 180 P.3d 1257 (2008) (holding that the courts give "judicial deference to the decisions of prison administrators in light of their unique interest in maintaining security and day-to-day order"). These matters cannot be said to be within the expertise of a layperson. In light of the complex considerations inherent in the management of a correctional facility, we hold that expert testimony was necessary to establish what constitutes "reasonable care."[4]

As the nonmoving plaintiff, Gordon had the burden to present evidence that raised a genuine issue of material fact as to an essential element of the claim. *Greenhalgh v. Dep't of Corr.*, 160 Wn. App. 706, 714, 248 P.3d 150 (2011). "Mere allegations, argumentative assertions, conclusory statements, and speculation do not raise issues of material fact that preclude a grant of summary judgment." *Id.* Here, Gordon was required to raise an issue of material fact concerning breach of the applicable standard of care. But, because Gordon did not present expert testimony as to what constitutes "reasonable care" in this instance, she has failed to raise an issue of material fact regarding breach of the standard of care.

---

[4] Although not controlling, authority from other jurisdictions reach the same conclusion. *See District of Columbia v. Carmichael*, 577 A.2d 312, 314 (D.C. 1990) ("The question of whether prison officials acted reasonably to secure the safety of an inmate is not one within the realm of the everyday experiences of a lay person. The reasonably prudent juror cannot be expected to appreciate the ramifications of prison security as well as the parallel considerations involving the safekeeping of prisoners, and therefore, whether, under given circumstances, reasonable care was exercised. . . . Thus, expert testimony or supporting evidence is necessary to establish that standard.") (quoting *Hughes v. Dist. of Columbia*, 425 A.2d 1299, 1303 (D.C. 1981)). *See also Villalobos v. Bd. of County Comm'rs*, 2014-NMCA-044, 322 P.3d 439, 440-41 (N.M. Ct. App. 2014) (holding expert testimony needed to establish reasonable care standard because reasonably prudent jurors cannot be expected to appreciate the ramifications prison security along with the issues of prisoner safety); *Wilkins v. Dist. of Columbia*, 879 F. Supp. 2d 35, 41-42 (D.D.C. 2012) (holding whether prison officials acted reasonably is not within everyday experiences of a lay person, so expert testimony is required to establish the standard of care).

No. 45648-6-II

"Summary judgment in favor of the defendant is proper if the plaintiff fails to make a prima facie case concerning an essential element of the claim." *Seybold*, 105 Wn. App. at 676. Because Gordon has failed to present any evidence establishing the applicable standard of care she alleges the County breached, she has failed to raise any genuine issue of material fact that the County breached a duty of care. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, P.J.

Melnick, J.

7