IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| FRIENDS OF NORTH SPOKANE COUNTY PARKS, | ) ) ) | No. 33982-3-III |
| Appellant, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| SPOKANE COUNTY; FRED MEYER STORES, INC.; STAR SAYLOR LLC, | ) ) ) ) | |
| Respondents. | ) | |

PENNELL, J. — For a second time we are tasked with reviewing whether Friends of

North Spokane County Parks can overcome procedural obstacles in order to challenge a

decision of the Spokane County Board of Commissioners permitting road construction

through a park. Previously, we reversed an order of dismissal based on standing. *Friends*

No. 33982-3-III
*Friends of N. Spokane County Parks v. Spokane County*

*of N. Spokane County Parks v. Spokane County*, 184 Wn. App. 105, 336 P.3d 632 (2014).
We now consider whether Friends' suit was timely under RCW 36.32.330. We hold it
was.

## FACTUAL HISTORY[1]

In 2001, the county adopted a resolution accepting 3.99 acres of donated land from
Fred Meyer Stores, Inc.[2] for use as a park. Clerk's Papers (CP) at 451-52. The land,
which came to be known as "Freddy Park," was formally conveyed to the county by the
Wilmington Trust Company, which held title to the property as security. The 2001 deed
specified the property "shall be held, conveyed, sold, and improved only as a natural,
community, or regional park" and "[v]ehicular access to the property shall be only from
Standard Drive." CP at 467.

Star Saylor LLC owns property bordering Freddy Park. In 2007, Star Saylor
applied to the county for a preliminary plat of its parcel. Star Saylor's application was
approved, subject to the condition that Star Saylor secure a public roadway through
Freddy Park. In 2012, Star Saylor obtained a rezone permitting construction of the road.
No party appealed the rezone. In order to accommodate Star Saylor's need for the new

---

[1] A more detailed factual recitation is set forth in our prior decision. *Friends*, 184
Wn. App. at 111-15.
[2] Fred Meyer Stores, Inc. is a trade name for the Roundup Company.

2

road, the county commissioners approved Resolution 12-0910, which amended the use restrictions contained in the 2001 deed. The amendment specifically states, "[Freddy Park] shall be held, conveyed, sold, and improved as a natural, community, or regional park *and for the establishment of a public road*." CP at 472 (emphasis added).

## PROCEDURAL HISTORY

Friends sued the county and Fred Meyer to stop any changes to Freddy Park. Star Saylor intervened and filed a motion to dismiss. The superior court granted the motion because it did not believe Friends had taxpayer standing to pursue its claims, nor could it sufficiently allege a claim upon which relief could be granted. Friends appealed. In a published decision, this court reversed in part and affirmed in part the superior court's dismissal of Friends' lawsuit. *Friends*, 184 Wn. App. at 139.

On remand, Star Saylor filed a motion for summary judgment arguing Friends had failed to comply with the statute of limitations and bond requirements of RCW 36.32.330. The county and Fred Meyer joined in Star Saylor's motion. Friends also filed a cross motion for summary judgment. The superior court granted the respondents' motion for summary judgment and denied Friends' motion. The court also denied Friends' motion for reconsideration. Friends appeals.

3

No. 33982-3-III
*Friends of N. Spokane County Parks v. Spokane County*

## ANALYSIS[3]

The trial court's summary judgment order turns solely on a question of law, which we review de novo. *Christensen v. Grant County Hosp. Dist. No. 1*, 152 Wn.2d 299, 305, 96 P.3d 957 (2004). At issue is RCW 36.32.330. This statute provides, in relevant part, that "[a]ny person may appeal to the superior court from any decision or order of the board of county commissioners." An appeal under the statute must be commenced within 20 days of the decision or order of the county commissioners that is being challenged, and certain bond requirements must also be met. RCW 36.32.330.

Although the statute uses the language "any person," Washington courts have long interpreted this provision to mean that only a person who was a party to the decision or order being challenged has a right to appeal under RCW 36.32.330. *Morath v. Gorham & Clemans*, 11 Wash. 577, 579, 40 P. 129 (1895) ("we must presume that, when the legislature said *any person may appeal*, they meant any person who has properly presented a matter before the board for their determination, and who is dissatisfied with their decision") (Emphasis added); *see also State ex rel. Mason v. Bd. of County*

---

[3] In addition to its substantive arguments, Friends claims the respondents have waived their statute of limitations argument. Because we agree with Friends on the merits, we need not address the issue of waiver. However, we agree with the superior court that the respondents sufficiently preserved this issue.

4

*Comm'rs*, 146 Wash. 449, 454-55, 263 P. 735 (1928), *overruled on other grounds by*

*Lopp v. Peninsula Sch. Dist.* No. 401, 90 Wn.2d 754, 758-59, 585 P.2d 801 (1978);

*Ronken v. Bd. of County Comm'rs*, 89 Wn.2d 304, 309-10, 572 P.2d 1 (1977).

The construction given to RCW 36.32.330 favors Friends. Friends was not a party

to any of the county decisions regarding Freddy Park. Accordingly, the suit filed by

Friends would not appear to fall under RCW 36.32.330 and, as such, would not be

governed by a 20-day statute of limitations.

Despite this great weight of adverse authority, the respondents claim that

RCW 36.32.330 applies in the current context. According to the respondents, there is no

blanket rule excusing nonparties from the statute's 20-day appeal deadline. Rather, they

assert that the 20-day deadline applies either to a party or to an entity with notice of the

county's actions. Because Friends had notice of the county's decision regarding Freddy

Park the day it was made, the respondents argue Friends' lawsuit was untimely.

The lone case cited by the respondents is *State ex rel. Thompson v. Carroll*, 63

Wn.2d 261, 387 P.2d 70 (1963). In *Thompson*, a group of realtor-landowners challenged

a county decision authorizing the incorporation of a new town. Although the realtors had

actual notice of the county's plan to incorporate their land, they waited approximately

three years to voice their objections. The Supreme Court found this untimely. The

realtors could have filed for an injunction or appealed the county's order under RCW 36.32.330. Because they did not do so, the Supreme Court upheld the trial court's refusal to issue a writ of mandamus dissolving the town.

The respondents' reliance on *Thompson* is misplaced. *Thompson* did not address whether a nonparty is bound by the 20-day deadline in RCW 36.32.330. In fact, the decision never clarified whether the realtor-landowners, whose consent to incorporation was required under RCW 35.21.010, were considered parties to the county's incorporation decision. The focus in *Thompson* was not the proper application of RCW 36.32.330, but the inequity of permitting a challenge to a county's incorporation decision three years after it took effect. *Thompson* has never been cited in any subsequent decisions of the Supreme Court or this court. We decline to interpret it as overturning the longstanding rule regarding nonparty plaintiffs. *Thompson* is best read as a decision limited to the extreme circumstances confronted by the Supreme Court in that case.

Our interpretation of RCW 36.32.330 disposes of the respondents' motion for summary judgment based on the statute of limitations.[4] Because Friends was not a party

---

[4] The Respondents' argument is limited to a direct application of RCW 36.32.330. They do not argue that we should apply the statute's 20-day deadline as a reasonable time limit under the declaratory judgment statute. We therefore limit our review to whether Friends is a person who may appeal a county decision, as contemplated by the statute.

6

to the challenged proceedings, the statutory right of appeal under RCW 36.32.330 was not applicable. Nor was the 20-day filing deadline. Summary judgment on the basis of RCW 36.32.330 was improper.

As a final matter, the respondents argue they are entitled to summary judgment on the merits regardless of the timeliness of Friends' complaint. While this court "may affirm summary judgment on any grounds supported by the record,"[5] we do not find either party has made a sufficient showing for summary judgment.

As indicated in our previous decision, Friends has alleged facts which, if true, would permit injunctive relief based on the existence of a dedication. *See Friends*, 184 Wn. App. at 129-131. It remains to be seen whether Friends can sustain its burden of proof. Numerous unresolved factual questions persist, such as:

- Whether the 2001 deed was in fact a dedication;

- If the deed was a dedication, whether a road through Freddy Park would be consistent with the terms of the original dedication;

- If construction of the road would be inconsistent with the dedication, whether Fred Meyer had authority to amend the dedication that was

---

[5] *Blue Diamond Grp., Inc. v. KB Seattle 1, Inc.*, 163 Wn. App. 449, 453, 266 P.3d 881 (2011).

originally granted by the now defunct Wilmington Trust Company; and

• Whether the interests of nonconsenting third parties have intervened in a manner that would prohibit altering the dedication. *See* 11A EUGENE MCQUILLIN, THE LAW OF MUNICIPAL CORPORATIONS § 33.77, at 538 (3rd ed. rev. vol. 2000).

The record before this court is insufficient to resolve the merits of this case. Remand is required.

## CONCLUSION

The trial court's order of summary judgment in favor of the respondents is reversed. This matter is remanded for further proceedings consistent with this opinion.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____     _____
Lawrence-Berrey, A.C.J.                              Siddoway, J.

8