IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ALLAN MARGITAN, GINA MARGITAN, husband and wife, | ) ) ) | No. 36517-4-III |
| Appellants, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| RISK MANAGEMENT INC., a Washington corporation and ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) ) ) ) | |
| Respondents. | ) ) | |

LAWRENCE-BERREY, C.J. — Allan and Gina Margitan brought a lawsuit against

Risk Management, Inc. (RMI) and Allstate Property and Casualty Insurance Company

(Allstate) for breach of contract, breach of insurance policy, and bad faith under

RCW 48.01.030, the Consumer Protection Act (CPA) chapter 19.86 RCW, and

WAC 284-30-330. RMI and Allstate successfully moved for summary judgment

dismissal of the claims. We affirm.

No. 36517-4-III
*Margitan v. Risk Mgmt.*


FACTS

The Margitans are homeowners. Cliff Walton operates and partly owns RMI.

RMI sells insurance for Allstate as its "captive agency," which means Allstate has the

right to prevent RMI from selling policies for other insurers.

In June 2010, Mr. Walton advised the Margitans to purchase homeowners'

insurance offered by Allstate that would provide legal representation in the event they

were sued, provided it did not involve business, criminal issues, or fraud. The Margitans

decided to purchase this recommended insurance.

The terms of the policy include the following provisions: . . . .

> *Section II—Family Liability and Guest Medical Protection*
> **Coverage X**
> *Family Liability Protection*
> *Losses We Cover Under Coverage X***:**
> Subject to the terms, conditions and limitation of this policy, **we** will pay
> damages which an **insured person** becomes legally obligated to pay
> because of **bodily injury** or **property damage** arising from an **occurrence**
> to which this policy applies, and is covered by this part of the policy.
> . . . .
> 8.     **Occurrence**—means an accident, including continuous or repeated
> exposure to substantially the same general harmful conditions during the
> policy period, resulting in **bodily injury** or **property damage**.
> 9.     **Property damage**—means physical injury to or destruction of
> tangible property, including loss of its use resulting from such physical
> injury or destruction.
> . . . .
> *Additional Protection*
> **We** will pay, in addition to the limits of liability:

2

1.      **Claim Expense**
**We** will pay:
a)  All costs **we** incur in the settlement of any claim or the defense of any suit against an **insured person**;

Clerk's Papers (CP) at 262, 242, 263 (underlining added).

In 2012, the Margitans' neighbors, Mark and Jennifer Hanna, brought a quiet title action to resolve an easement dispute.  The Hannas sought a declaratory judgment that two access easements across their property in favor of the Margitans were invalid.  The Margitans advised Mr. Walton of the lawsuit and asked him to contact Allstate to provide a defense.

When deposed, Mr. Walton recalled meeting Mr. Margitan in 2012 and Mr. Margitan asking if his policy covered the Hannas' claim.  Mr. Walton did not recall what he told Mr. Margitan or whether he called Allstate.  Instead, he testified about his practice: If he cannot answer an insured's coverage question, he calls an Allstate claims advocate.  If the advocate says there is coverage, he opens a file.  He testified he did not open a file for the Margitans.  So either he did not call Allstate in 2012 or the claim advocate said there was no coverage.

In 2013, the Hannas amended their complaint to allege the Margitans' rental house on their property violated a building restriction and should be torn down.  The Margitans

advised Mr. Walton about the amended claim and again asked him to contact Allstate to provide a defense.

When deposed, Mr. Walton recalled meeting Mr. Margitan at some point and discussing coverage for the tear-down claim. Mr. Walton did not recall what he told Mr. Margitan. Mr. Walton explained that a tear-down claim is not something he would consider the policy to cover. He said he probably would not have called Allstate to ask about coverage, but he "may have." CP at 1115.

The Margitans successfully defended against the Hannas' claims and recovered a sizeable judgment against them.

In 2016, the Hannas filed an action in bankruptcy court to remove the Margitans' judgment lien against them. In 2017, the Margitans called Allstate from Mr. Walton's office. The Margitans then informed Allstate about the Hannas' 2012 lawsuit to declare their two access easements invalid and the 2014 tear-down claim.

Allstate responded promptly with two letters. The first denied it had a duty to defend any of the claims under the homeowners' policy. The second, sent five days later, explained why none of the claims were covered under the "Additional Protection" section of the policy. CP at 263.

The Margitans brought suit against RMI and Allstate. They alleged the same causes of actions against both defendants: breach of contract, breach of insurance policy, and bad faith pursuant to RCW 48.01.030, the CPA, and WAC 284-30-330. About one year later, RMI and Allstate moved for summary judgment. The trial court reviewed the submitted materials and granted the defendants' motions. The Margitans moved for reconsideration, and the trial court denied their motion.

The Margitans timely appealed.

## ANALYSIS

### A. STANDARD OF REVIEW

On review of a summary judgment order, we engage in the same inquiry as the trial court. *Wash. State Major League Baseball Stadium Pub. Facilities Dist. v. Huber, Hunt & Nichols-Kiewit Constr. Co.*, 165 Wn.2d 679, 685, 202 P.3d 924 (2009). All facts and reasonable inferences are considered in a light most favorable to the nonmoving party. *Berger v. Sonneland*, 144 Wn.2d 91, 102-03, 26 P.3d 257 (2001). Summary judgment is appropriate only when there are no disputed issues of material fact and the prevailing party is entitled to judgment as a matter of law. CR 56(c). A fact is material when the outcome of the litigation depends on it, in whole or in part. *Atherton Condo. Apt.-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co.*, 115 Wn.2d 506, 516, 799 P.2d 250

5

(1990). Summary judgment is appropriate if reasonable persons could reach but one conclusion from all the evidence. *SentinelC3, Inc. v. Hunt*, 181 Wn.2d 127, 140, 331 P.3d 40 (2014).

This court "may affirm summary judgment on any grounds supported by the record." *Blue Diamond Grp., Inc. v. KB Seattle 1, Inc.*, 163 Wn. App. 449, 453, 266 P.3d 881 (2011). However, "[a]n argument that was neither pleaded nor argued to the superior court on summary judgment cannot be raised for the first time on appeal." *Johnson v. Lake Cushman Maint. Co.*, 5 Wn. App. 2d 765, 780, 425 P.3d 560 (2018) (citing *Sourakli v. Kyriakos, Inc.*, 144 Wn. App. 501, 509, 182 P.3d 985 (2008); *see also* RAP 2.5(a) (appellate courts generally will not review a claim of error not raised in the trial court).

B.      BREACH OF CONTRACT/INSURANCE POLICY

The Margitans argue that Allstate is required to pay its defense costs under the terms of the insurance policy.[1] We disagree.

Interpretation and construction of an insurance policy, which is a contract, is a question of law. *N. Pac. Ins. Co. v. Christensen*, 143 Wn.2d 43, 48, 17 P.3d 596 (2001). Interpretation "'is giving meaning to the symbols of expression used by another person.'" *Int'l Marine Underwriters v. ABCD Marine, LLC*, 179 Wn.2d 274, 281-82, 313 P.3d 395

---

[1] The Margitans do not argue the trial court erred in dismissing their claims against

(2013) (internal quotation marks omitted) (quoting *Berg v. Hudesman*, 115 Wn.2d 657, 663, 801 P.2d 222 (1990)).  "The contract will be given a practical and reasonable interpretation that fulfills the object and purpose of the contract rather than a strained or forced construction that leads to an absurd conclusion, or that renders the contract nonsensical or ineffective."  *Wash. Pub. Util. Dists.' Utils. Sys. v. Pub. Util. Dist. No. 1 of Clallam County*, 112 Wn.2d 1, 11, 771 P.2d 701 (1989).  Any undefined terms will be given their plain, ordinary, and popular meaning.  *Int'l Marine Underwriters*, 179 Wn.2d at 284.

Here, the "Additional Protection" section requires Allstate to pay for costs "**we** incur in the . . . defense of any suit against an **insured person**."  CP at 263 (underline added).  The language is clear.  It obligates Allstate to pay only *its* legal costs, not the Margitans'.

Allstate acknowledges it could be required to pay the Margitans' legal costs if it had a duty to defend.  The Margitans argue that Allstate had such a duty.  We disagree.

"'The duty to defend arises when a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability upon the insured within the policy's coverage.'"  *Expedia, Inc. v. Steadfast Ins. Co.*, 180 Wn.2d 793, 802-03, 329

---

RMI for breach of contract/breach of insurance policy.

P.3d 59 (2014) (internal quotation marks omitted) (quoting *Am. Best Food, Inc. v. Alea London, Ltd.*, 168 Wn.2d 398, 404-05, 229 P.3d 693 (2010)). This duty is determined from the "eight corners" of the insurance contract and the underlying complaint. *Id.* at 803.

Allstate was not obligated to provide a defense. Even construed liberally, none of the claims asserted by the Hannas were covered under the insurance policy. Under the policy, Allstate promised to pay damages that the Margitans become legally obligated to pay because of bodily injury or property damage arising from an occurrence. The simplest reason the Hannas' claims never invoked policy coverage is because the claims did not seek damages. Rather, the claims sought a declaration of easement rights, injunctive relief to tear-down a rental building, and removal of a lien. An additional reason why the Hannas' claims never invoked policy coverage is because the claims did not describe "property damage" arising from an "occurrence," within the policy definitions of those terms.

C.      BAD FAITH (UNDER RCW 48.01.030, THE CPA, AND WAC 284-30-330)

        1.      *RMI*

The Margitans argue RMI is liable for bad faith under RCW 48.01.030, the CPA,

and WAC 284.30.330.  They argue RMI is liable for failing to promptly notify Allstate of

its request to pay for their defense of the Hannas' claims.

The Margitans did not make this argument in their pleadings or in their summary

judgment response.[2]  For this reason, we do not consider the Margitans' new argument on

appeal.  *Johnson*, 5 Wn. App. 2d at 780; *Sourakli*, 144 Wn. App. at 509.

        2.      *Allstate and RMI*

The Margitans argue Allstate and RMI are liable for bad faith under

RCW 48.01.030, the CPA, and WAC 284-30-330.  They argue Allstate is liable for not

promptly responding to RMI's requests for a defense.  Alternatively, if RMI did not call

Allstate in 2012 or 2014, the Margitans argue Allstate is vicariously liable for RMI's

failure to forward their requests to Allstate.  We disagree.

---

[2] The Margitans did make this argument in their reconsideration motion.  But a party may not assert a new theory on reconsideration after summary judgment dismissal. *Int'l Raceway, Inc. v. JDFJ Corp.*, 97 Wn. App. 1, 7, 970 P.2d 343 (1999).

a. *Allstate promptly responded to the Margitans' claims*

Reasonable minds can reach only one conclusion from the evidence—Allstate promptly responded to the Margitans' claims once it received those claims, and Allstate did not receive those claims before February 2017.

The sole "evidence" that Allstate did not promptly respond comes from Mr. Walton's deposition where he said he probably did not ask Allstate whether the 2014 tear-down claim was covered, but "may have." CP at 1115. Speculation of what might have happened is insufficient to defeat summary judgment. *Meyer v. Univ. of Wash.*, 105 Wn.2d 847, 852, 719 P.2d 98 (1986).

b. *Not vicariously liable because no evidence of harm*

For the Margitans to prevail on their extra-contractual bad faith claims, they must show they were harmed by the insurer's purported bad faith. *Coventry Assocs. v. Am. States Ins. Co.*, 136 Wn.2d 269, 276, 961 P.2d 933 (1998).

The Margitans argue they were harmed because they relied on Mr. Walton's representation of what the policy covered. They contend, had they known the representation was untrue, they (1) would have sought different insurance coverage or (2) defended differently against the Hannas' claims. In support of these two contentions, they cite clerk's papers at 143, line 6 and clerk's papers at 1152 lines 4-13.

The first citation is to a page in Allstate's motion for summary judgment; the second

citation is to a page in a deposition word index. We find no admissible facts in the record

supporting the Margitans' contentions they suffered a compensable loss resulting from

Mr. Walton's misstatement of coverage. There is no evidence they would have sought

different coverage and certainly no evidence they would have found it.

D.      NEGLIGENT MISREPRESENTATION BY RMI

During oral argument on appeal, the Margitans argued RMI was liable for

negligently misrepresenting the scope of the policy's coverage. The Margitans did not

assert this theory in their complaint or in their summary judgment response. The trial

court explicitly determined this. *See* CP at 1239, para. 4.

"An argument that was neither pleaded nor argued to the superior court on

summary judgment cannot be raised for the first time on appeal." *Johnson*, 5 Wn. App.

2d at 780; *accord Sourakli*, 144 Wn. App. at 509. For this reason, we decline to consider

the argument.

E.      INABILITY TO AMEND COMPLAINT

The Margitans contend that the trial court erred by not affording them leave to

amend their complaint against RMI.

11

No. 36517-4-III
*Margitan v. Risk Mgmt.*

Under RAP 2.5(a), we generally do not review any claim of error not raised in the trial court. *In re Adoption of T.A.W.*, 188 Wn. App. 799, 807, 354 P.3d 46 (2015), *aff'd*, 186 Wn.2d 828, 383 P.3d 492 (2016). "This rule exists to give the trial court an opportunity to correct the error and to give the opposing party an opportunity to respond." *State v. Blazina*, 182 Wn.2d 827, 832-33, 344 P.3d 680 (2015). The Margitans never requested leave or made a motion to amend their complaint. Because this issue was never before the trial court, and the trial court did not rule on it, it is not properly before us for review.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Siddoway, J.

Fearing, J.

12