# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| NADENE M. SAMMANN, individually, | No. 46628-7-II |
| Appellants, | |
| v. | |
| ANNA J. ARMSTRONG, as Personal Representative of the Estate of Robert M. White, | Consolidated with: |
| Respondent. | |
| MARGUERITE SAMMANN, individually, | No. 46635-0-II |
| Appellant, | |
| v. | |
| ANNA J. ARMSTRONG, as Personal Representative of the Estate of Robert M. White, | UNPUBLISHED OPINION |
| Respondent. | |

LEE, J. — This appeal arises from creditors' claims made against the Estate of Robert White

(the Probate Estate). Marguerite (White's sister) and Nadene (Marguerite's daughter) Sammann[1]

(collectively "the Sammanns") each filed separate creditor's claims against the Probate Estate,

requesting that the Personal Representative (PR) of the Estate, Anna Armstrong, vacate judgments

---

[1] Both appellants share the same last name; to avoid confusion, we use their first name when referencing an individual appellant. No disrespect is intended.

entered during White's Guardianship proceedings against the Sammanns. The PR rejected the Sammanns' claims, and the Sammanns each filed separate suits against the PR.

The PR moved for summary judgment in both cases, arguing that there was no legal basis for the Sammanns' creditors' claims. The superior court granted the PR's motions for summary judgment. The PR also requested attorney fees, which the superior court awarded.

The Sammanns appeal both orders granting summary judgment and attorney fees in favor of the PR of the Probate Estate. We affirm the superior court's orders because the Sammanns fail to demonstrate that summary judgment was improperly granted or that the superior court erred in awarding attorney fees to the PR of the Probate Estate.

FACTS

In January 2009, the Pierce County Superior Court found Robert White incapacitated and appointed a guardian, Commencement Bay Guardianship Services, over his person and his estate ("the Guardianship").[2] The order appointing guardian of person and estate provided that White was incapacitated and unable to care for himself. The Guardianship order also provided, in part, that White did not have the right "to enter into a contract" or "to appoint someone to act on his behalf." Clerk's Papers (CP) at 1012.

Six months later, in June 2009, White filed a "Statement in Support of Claim" with the Veterans Administration (VA).[3] CP at 941. In that statement, White asserted that a court-

---

[2] Commencement Bay Guardianship Services was represented by Robin Balsam.

[3] This "Statement in Support of Claim" is the document upon which the Sammanns rely for their contract claim.

appointed guardian ad litem took him from his home to a hospital, and then to the VA nursing home. White claimed that he brought "more than $30,000" to the hospital, which has since disappeared. CP at 941. White then stated: "I am requesting that my niece, Nadene Sammann ask the VA to conduct an investigation into the disappearance of my cash. I make this claim for the return of all my cash. I want my valuables returned to me and I want to get out of here." CP at 941. White signed the claim.

Throughout the Guardianship proceeding, the Sammanns filed a series of claims against the Guardianship Estate.[4] The superior court repeatedly found that the Sammanns did not have standing to advocate on White's behalf. Ultimately, as a result of the Sammanns' litigious and frivolous filings, the Guardianship Estate was awarded $83,276.66 with interest in attorney fees and sanctions against the Sammanns.[5] The superior court also barred the Sammanns from filing additional documents in White's Guardianship proceeding for five years.

In April 2013, White died. Pursuant to RCW 11.40.070, the Sammanns each filed a separate creditor's claim with the Probate Estate, requesting that "[i]n return for services we

---

[4] The Sammanns did not provide us with records of the filings in the Guardianship proceedings, except for a series of judgments entered against them, an order from this court denying the Sammanns' motion to modify the commissioner's award of attorney fees, and an order from the Supreme Court denying review.

[5] In awarding the Guardianship Estate attorney fees and sanctions against the Sammanns, the superior court made findings that the Sammanns abused the judicial process, filed multiple frivolous motions and objections in bad faith, and the Sammanns' involvement in the Guardianship proceedings did not confer a benefit to White's Guardianship Estate. Further, the "Sammanns' abuse of the judicial process is resulting in waste to [White's Guardianship Estate]." CP at 573.

rendered to Robert and his Estate, we are asking that all the judgments and interest against [us] be vacated." CP at 197, 966. The PR of the Probate Estate rejected the Sammanns' creditors' claims.

The Sammanns then each filed a separate complaint against the Probate Estate, alleging that they were entitled to $118,397.38 for expenses and services rendered on behalf of White, including "legal fees, judgments, transportation," and meeting with doctors and social workers. CP at 6, 13, 17, 771, 778, 782. The Sammanns alleged that they incurred expenses and suffered monetary damages.

The PR of the Probate Estate moved for summary judgment, arguing that the Sammanns' creditors' claims were "comprised mostly of the judgments entered against them by the [superior court] but also include[s] a claim for services provided to [White] during his life under an implied contract theory." CP at 28, 826. The PR argued that (1) the Sammanns' complaints were frivolous because there is no legal basis to support the Sammanns' claim that filing objections in the Guardianship proceedings, which objections were ultimately rejected by the superior court, constitutes a service that entitles the Sammanns to compensation; and (2) the Sammanns failed to demonstrate that they had an implied contract with White to assist him in opposing the Guardianship proceeding.

The Sammanns responded, arguing that they were entitled to compensation because White's Statement in Support of Claim "**Met the Requirements of an Express Contract**." CP at 925. The Sammanns also disputed the PR's arguments related to an implied contract.

The superior court found that, as a matter of law, "White was incompetent to form a contract" and therefore, there was "no legal basis to withstand the motion for summary judgment."

4

Verbatim Report of Proceedings (VRP) (July 11, 2014) at 21. The superior court granted summary judgment to the Probate Estate and dismissed the Sammanns' respective complaints. The Sammanns moved for reconsideration of the orders granting summary judgment in favor of the PR, which the superior court denied.

The PR moved for attorney fees for defending the Sammanns' frivolous and baseless claims. The superior court granted the motion, finding both Sammanns jointly and severally liable.

The Sammanns appeal the superior court's orders granting summary judgment and awarding attorney fees.

ANALYSIS

The Sammanns assign error to (1) the superior court's orders (August 1, 2014 and July 11, 2014, respectively) granting the Probate Estate's motions for summary judgment; (2) the superior court's November 17, 2014 order granting the Probate Estate's motions for award of attorney fees; and (3) the superior court's December 8, 2014 orders denying reconsideration of the award of attorney fees. Nadene also assigns error to the superior court's November 14, 2014 order denying reconsideration of its order granting summary judgment.

The Sammanns' claims are based entirely on perceived injustices related to White's Guardianship proceedings. The Guardianship Estate was awarded several judgments for attorney fees and sanction against the Sammanns for having to defend against the Sammanns' frivolous claims. When White died, the Sammanns filed creditors' claims with the Probate Estate, asking the Probate Estate to vacate the judgments against the Sammanns "[i]n return for services [they] rendered to [White] and his Estate." CP at 966. The Sammanns essentially asked the Probate

5

Estate to forgive judgments entered against the Sammanns during the Guardianship proceeding because the Sammanns had performed a service to the Guardianship Estate by filing objections and other claims against the Guardianship Estate. The crux of the Sammanns' argument is that, "[a]s a matter of justice and fair play," they "should not be responsible for paying the judgments against [them]." CP at 195, 964.

We disagree, and affirm the superior court's orders because the Sammanns offer no factual support or legal basis for their claims. "A party seeking review has the burden of perfecting the record so that this court has before it all of the evidence relevant to the issue." *Dash Point Vill. Assoc. v. Exxon Corp.*, 86 Wn. App. 596, 612, 937 P.2d 1148, 971 P.2d 57 (1997). Furthermore, pro se litigants are expected to comply with procedural rules. *State Farm Mut. Auto Ins. Co. v. Avery*, 114 Wn. App. 299, 310, 57 P.3d 300 (2002).

A.      SUMMARY JUDGMENT

We review a trial court's order granting summary judgment de novo, engaging in the same inquiry as the trial court. *Clark County Fire Dist. No. 5 v. Bullivant Houser Bailey P.C.*, 180 Wn. App. 689, 698, 324 P.3d 743, *review denied*, 181 Wn.2d 1008 (2014). We resolve all factual disputes and reasonable inferences in favor of the nonmoving party. *Clark County*, 180 Wn. App. at 698. "[I]ssues of law are not resolved in either party's favor, but are reviewed de novo." *Rice v. Dow Chem. Co.*, 124 Wn.2d 205, 208, 875 P.2d 1213 (1994). "Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Clark County*, 180 Wn. App. at 698. We may affirm a summary

6

judgment order on any ground supported by the record. *Blue Diamond Grp., Inc. v. KB Seattle 1, Inc.*, 163 Wn. App. 449, 453, 266 P.3d 881 (2011).

The Sammanns assign error to the superior court's failure to enter findings of fact or conclusions of law in its orders granting the PR's motions for summary judgment.[6] The Sammanns' claim fails because "[s]uperior court findings of fact and conclusions of law are superfluous on summary judgment." *Fabre v. Town of Ruston*, 180 Wn. App. 150, 158, 321 P.3d 1208 (2014); *accord* CR 52(a)(5) (providing that "Findings of fact and conclusions of law are not necessary . . . [o]n decisions of motions under rules 12 or 56"). The Sammanns do not make other claims related to the superior court's orders granting the PR's motion for summary judgment. Therefore, we affirm the superior court's orders granting summary judgment.

B.    NOVEMBER 17, 2014 ORDERS GRANTING THE PR'S MOTIONS FOR ATTORNEY FEES

The Sammanns assign error to the superior court's findings of fact in its November 17 orders. Specifically, the Sammanns argue that the superior court erred by awarding the PR attorney fees because their "claims were based on bona fide orders and a written express contract." Br. of Appellant (Marguerite) at 1-2, 34, (Nadene) at 1-2, 35. We disagree.

We review an award of attorney fees for an abuse of discretion. "Generally, a [superior] court's award of fees will not be reversed absent a manifest abuse of discretion." *Steele v.*

---

[6] The Sammanns asks us to "perform a *Lobdell v. Sugar'N Spice* Review." Br. of Appellant (Marguerite) at 21, (Nadene) at 22 (citing *Lobdell v. Sugar'N Spice*, 33 Wn. App. 881, 658 P.2d 1267 (1983) (reviewing de novo the application of a statute to a factual scenario)). However, the Sammanns only challenge the summary judgment based on the superior court's failure to enter findings of fact or conclusions of law. Therefore, their argument for a *Lobdell* review of a summary judgment order is not consistent with any assignment of error and we do not address it.

7

*Lundgren*, 96 Wn. App. 773, 780, 982 P.2d 619 (1999). "A [superior] court abuses its discretion when its decision is manifestly unreasonable or is based on untenable grounds or reasons." *Clipse v. Commercial Driver Servs., Inc.*, No. 45407-6-II, 2015 WL 5023388, at *4 (Wash. Ct. App. Aug. 25, 2015). "A decision is manifestly unreasonable if the [superior] court takes a view that no reasonable person would take." *Clipse*, at *4.

The Sammanns have the burden to demonstrate that the superior court's findings of fact are incorrect. *Fisher Props, Inc. v. Arden-Mayfair, Inc.*, 115 Wn.2d 364, 369, 798 P.2d 799 (1990) (noting that the party challenging the superior court's factual findings has the burden to demonstrate the findings are incorrect). We consider whether substantial evidence supports the superior court's findings, and, if so, whether those findings properly support the trial court's conclusions of law. *Harris v. Urell*, 133 Wn. App. 130, 137, 135 P.3d 530 (2006). Substantial evidence supports a finding where the record, viewed in the light most favorable to the prevailing party, contains a quantity of evidence sufficient "to persuade a fair-minded, rational person" of its truth. *Harris*, 133 Wn. App. at 137.

1.    Improper Purpose

The Sammanns argue that the superior court erred in finding:

> Plaintiff brought this action for two improper purposes. Plaintiff brought this action to delay execution on judgments entered against her and her mother in the guardianship proceeding of Robert White. Plaintiff brought this action in a meritless attempt to obtain a set off against the judgments entered against herself and her mother in the guardianship proceeding of Robert White.

CP at 1357, 1411 (Finding of Fact 1). The Sammanns do not offer argument or authority regarding this alleged error. In the absence of argument or authority, the Sammanns claim fails. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

2.  The Sammanns' Claims Regarding a Contract with White

The Sammanns argue that the superior court erred in finding:

> That the Plaintiff's action was not well grounded in law because it is legally impossible for Robert White to have entered a contract as asserted by the Plaintiff while he was under guardianship of his person and estate and not competent to contract.

> That Plaintiff's claim in this cause is not well grounded in existing law or a good faith argument for alteration of existing law because the document relied on by Plaintiff is not a contract between Plaintiff and Robert White.

CP at 1357, 1411 (Findings of Fact 2, 3).

The Sammanns assert that their action in White's Probate Estate was well grounded in law because their claims were based on a contract evidenced by the statement that White filed with the VA in June 2009.[7] We disagree.

In January 2009, the superior court found that White was incapacitated and appointed a guardian for White's person and White's estate. In relevant part, the order provided that White did not have the right "to enter into a contract or make or revoke a will"; "to appoint someone to act on his behalf"; "to decide who shall provide care and assistance"; or "to make decisions regarding the social aspects of his life." CP at 1011.

---

[7] The Sammanns also reference a six-year statute of limitations regarding written contracts. However, the Sammanns fail to offer any authority or argument. Therefore, to the extent that the Sammanns are making a claim, the claim fails. *Cowiche Canyon*, 118 Wn.2d at 809; RAP 10.3.

Thus, at the time White's statement was filed, the Guardianship order had expressly terminated his right to enter into a contract or request that someone act on his behalf. The Sammanns do not address White's Guardianship order, which rendered him unable to execute a contract or direct someone to act on his behalf. The Sammanns also fail to provide any authority or argument demonstrating that White's Statement in Support of Claim filed with the VA constitutes a contract. Where no authorities are cited in support of a proposition, this court is not required to search out authorities, but may assume that a diligent search has produced none. *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962).

In the absence of any authority, the Sammanns' claim that White's Statement in Support of Claim constitutes an agreement, contract, or request for personal services fails. Even if White's Statement in Support of Claim statements constituted a contract or request for services, White was under guardianship and unable to enter into a contract or request services. Thus, the Sammanns' assertion that their complaint was factually and legally supported based on White's Statement in Support of Claim fails. The superior court's findings that the Sammanns' claims based on a contract with White lack any legal basis is supported by substantial evidence because White's Guardianship order rendered him unable to contract.

3.      Lodestar Method

The Sammanns argue that the superior court erred in finding:

> Adams' hourly rate and time expended on this case to be reasonable with no reduction in fees. This has been analyzed under Lodestar.

CP at 1411, 1357 (Findings of Fact 4, 5). The Sammanns claim that the superior court erred because the superior court failed to assess whether the PR's attorney's rates were reasonable.

10

However, the Sammanns fail to support this claim with citation to the record or authority. In the absence of any citation to the record or authority, the Sammanns' claim fails. *Cowiche Canyon*, 118 Wn.2d at 809; RAP 10.3.

The Sammanns also claim that the PR's attorney failed to submit a billing statement. Their claim is belied by the record. The PR's attorney submitted a declaration, which included an explanation of his experience and hourly rate and a billing statement explaining the work that he performed on the case.

4.      Marguerite's Assignment of Error Regarding Reimbursement

Marguerite assigns error to the following finding of fact, which appears only in the superior court's order granting attorney fees against Marguerite (not Nadene):

> Plaintiff's request in the case was not for compensation for services rendered to Robert White asking the VA to conduct an investigation into the location of his assets. Instead, it was a request to be reimbursed for judgments entered against Plaintiff for bringing frivolous actions in the guardianship proceeding of Robert White and for expenses incurred in prosecuting those frivolous actions that would not be recoverable under any legal theory.

CP at 1411. Marguerite does not offer any cognizable argument, citation to the record, or authority regarding this assignment of error. In the absence of argument or authority, Marguerite has waived her assignment of error. *Cowiche Canyon*, 118 Wn.2d at 809; RAP 10.3.

Furthermore, the superior court's finding is supported by substantial evidence. Marguerite claimed that she was entitled to compensation based on expenses that she incurred and judgments entered against her as a result of actions filed in the Guardianship proceedings. Further, in response to the PR's motion for summary judgment, Marguerite asserted that she was entitled to

11

compensation because she was "**Never Reimbursed for Her Fees and Costs by** [White's Guardianship Estate]." CP at 932.

     5.     Other Arguments Regarding Attorney Fees

Beyond assigning error to the superior court's findings of fact, the Sammanns make a variety of other assertions regarding the superior court's order granting the PR attorney fees. We disagree with these assertions.

The Sammanns contend the superior court erred by granting attorney fees to the PR because the PR failed to recover attorney fees that improperly awarded to the Guardianship Estate. As discussed below in paragraph D.2, the Sammanns' arguments are based on an unsupported assertion that the Guardianship Estate was improperly awarded attorney fees. The Sammanns fail to provide any citation to the record or authority to demonstrate that the Guardianship Estate was improperly awarded attorney fees. Therefore, this claim fails. *Cowiche Canyon*, 118 Wn.2d at 809.

The superior court's findings are supported by substantial evidence. Therefore, the superior court did not abuse its discretion in awarding the PR attorney fees.

C.     DECEMBER 8, 2014 ORDERS DENYING THE SAMMANNS' MOTIONS FOR RECONSIDERATION

The Sammanns both assign error to the superior court's December 8, 2014 orders denying reconsideration of the award of attorney fees. Nadene also assigns error to the superior court's November 14, 2014 order denying reconsideration of its order granting summary judgment. Marguerite contends that the superior court "erred in entering its December 8, 2014 order." Br. of Appellant (Marguerite) at 3. Nadene asserts that the superior court erred by not entering findings

of fact and conclusions of law. However, the Sammanns do not offer any argument regarding the superior court's orders denying reconsideration of either summary judgment or attorney fees. In the absence of argument, the Sammanns' have waived the assignment of error. *Cowiche Canyon*, 118 Wn.2d at 809.

D.     OTHER CLAIMS

The Sammanns make various other claims. It is unclear based on the briefing what, if any, assignments of error these claims are applicable to. In an attempt to completely address all issues, we address the claims.

1.     Claims Regarding PR's Attorney

The Sammanns make various assertions regarding the PR's attorney's breach of fiduciary duties.   The Sammanns appear to argue that the PR's attorney breached his fiduciary duty to the PR and to the Probate Estate. To the extent that the Sammanns are attempting to raise a claim against the PR's attorney, they raise those arguments for the first time on appeal. Therefore, we do not consider these arguments. Furthermore, The Sammanns' claims fail because they fail to provide any citation to the record or to any authority supporting such a claim. *Cowiche Canyon*, 118 Wn.2d at 809.

2.     Recovery of Attorney Fees Awarded to the Guardianship Estate

The Sammanns repeatedly make arguments regarding the PR's duty to recover attorney fees that the superior court "unlawfully awarded" to the Guardianship Estate. *See* Br. of Appellant (Marguerite) at 23, 25, 26, 28, 36, 39, (Nadene) at 24, 26, 27, 29, 37, 40. We disagree for three reasons: (1) the Sammanns appear to misunderstand the prior court orders awarding attorney fees

to the guardian; (2) the Sammanns' claims are inconsistent with the limited record provided on appeal; and (3) the Sammanns fail to provide any authority to support their claim.[8]

First, the Sammanns' arguments are based on a misunderstanding of attorney fees. They repeatedly assert that the guardian was awarded fees contrary to court orders, referencing the Supreme Court and this court's orders. The Sammanns appear to confuse the award of attorney fees to the guardian at the superior court with the denial of attorney fees related to appeals of those underlying awards.[9] The Sammanns also appear to confuse their claim relating to an award of attorney fees to the guardian with their claim that the guardian improperly took money from the Guardianship Estate in the form of fees.[10] Importantly, the Sammanns provide no evidence or authority that the superior court in the Guardianship action erred in awarding the guardian its

---

[8] The Sammanns appear to be making arguments related to the validity of judgments entered in a separate cause of action—the Guardianship action. The Sammanns' arguments relate to the judgments entered and orders on appeal filed in the separate Guardianship proceeding. The Sammanns do not provide any authority supporting the notion that they can appeal or dispute the legitimacy of final judgments entered against them in a different cause of action.

[9] On March 1, 2011, the Supreme Court denied a petition for review filed by the Sammanns in the Guardianship of Robert M. White, and denied the guardian's request for attorney fees for objecting to the petition. On April 4, 2011, we denied the Sammanns' motion to modify the commissioner's ruling awarding attorney fees to the Guardian, and denied "both parties' motions for fees and costs related to this motion." CP at 1027.

[10] For example, the Sammanns assert that their complaints "detailed how the guardian defied both orders and requested the attorney fees from the supervising court judge and was awarded them. The guardian paid herself those fees out of Robert's estate and made them into judgments against [the Sammanns]." Br. of Appellant (Marguerite) at 36, (Nadene) at 37. The Sammanns also assert that the PR should have requested sanctions "for every day the misappropriated attorney fees were held by the guardian." Br. of Appellant (Marguerite) at 37, (Nadene) at 38.

attorney fees or that the guardian was improperly compensated for services provided while serving as guardian of White's person and estate.

Second, the Sammanns' claim that the guardian was awarded attorney fees contrary to court orders are inconsistent with the limited record provided on appeal. The Sammanns have provided a March 2011 Supreme Court order denying the Sammanns' petition for review and denying the guardian's request for attorney fees in the appeal of the Guardianship case, and an April 2011 order that we issued denying the Sammanns' motion to modify the Commissioner's ruling awarding attorney fees and costs to the guardian in the appeal of the Guardianship case. Our April 2011 order relating to the Guardianship appeal provided:

> APPELLANTS/PETITIONERS have moved to modify the [] commissioner's ruling awarding Respondent $38,371.25 in attorney fees and $371.44 in costs. Respondent has conceded that $120.00 in attorney fees should not be charged against Appellants/Petitioners. It also appears that the costs include additional postage costs of $21.44 that should not have been allowed. Although most of Appellants/Petitioners' arguments have no merit, some minor adjustments are appropriate. Accordingly, we amend the commissioner's order and award Respondent (1) $38,251.25 in attorney fees, and (2) $350.00 in costs.
>
> Additionally, Appellants/Petitioner's motion to strike Respondent's response to the motion to modify and both parties' motions for fees and costs related to this motion are denied.

CP at 261, 1027.

In April 2012, the Pierce County Superior Court entered a judgment and order, awarding the Guardianship Estate $38,251.25 in attorney fees and $350 in costs.[11] Although the Sammanns

---

[11] The Judgment listed the Judgment Creditor as "Estate of Robert M. White, by his Guardian, Commencement Bay Guardianship Services" and the Judgment Debtor as "Nadene and Marguerite Sammann." CP at 222.

do not offer citation to the record, based on the identical amounts of costs and fees, the superior court's April 2012 order was presumably entered in accordance with this court's April 2011 order in the guardianship appeal. To the extent that the Sammanns argue that the superior court's April 2012 order was in violation of this court's April 2011 order, that claim is inconsistent with the record provided. The Sammanns do not provide any other documentation of the underlying claims related to the judgments entered against them in the guardianship proceedings.

Third, the Sammanns provide no citation to the record or to authority to support their claims that the superior court erred based on judgments and attorney fees awarded in the Guardianship proceedings.[12] Where no authorities are cited in support of a proposition, this court is not required to search out authorities, but may assume that a diligent search has produced none. *DeHeer*, 60 Wn.2d at 126. In the absence of authority, the Sammanns' claim fails.

### 3. Arguments Regarding the Guardian's Duties

The Sammanns make arguments regarding the guardian's duties to the Guardianship Estate. The Sammanns make no cognizable claim, and claims regarding the guardian's duties to the Guardianship Estate are not properly before this court in an appeal of orders entered in the Probate Estate.

### 4. Notice

The Sammanns contend that they gave notice of the guardian's errors in the Guardianship Estate to the PR. They make no cognizable claim, and fail to cite to the record or any authority.

---

[12] The Sammanns recite statutes relating to the PR's responsibilities and authority. However, the Sammanns do not offer argument or authority to support the idea that those statutes are applicable here.

Accordingly, in the absence of any cognizable claim, or citation to the record or authority for us to determine what their claim is, the Sammanns' claim fails. RAP 10.3; *Cowiche Canyon*, 118 Wn.2d at 809.

    5.    Tortious interference with a gift or inheritance

The Sammanns suggest that Washington "should recognize the claim of [tortious] interference with a gift or inheritance, as many other states now do." Br. of Appellant (Marguerite) at 33, (Nadene) at 34. Presumably, the Sammanns would like us to not only recognize the cause of action, but also hold that the PR committed tortious interference with Marguerite Sammann's inheritance.

The Sammanns raise this claim for the first time on appeal. And, the Sammanns do not offer any argument or authority that tortious interference with an inheritance claim would affect the summary judgment motion based on the Sammanns' creditor's claim. Nor do the Sammanns offer any authority or argument about why Washington should recognize such a claim. Therefore, their claim fails. RAP 2.5, 10.3; *Cowiche Canyon*, 118 Wn.2d at 809.

    6.    Legal counsel for Marguerite Sammann

The Sammanns also assert that the superior court "**Should Have Ordered Legal Counsel for** [Marguerite]." Br. of Appellant (Marguerite) at 33, (Nadene) at 34. The Sammanns note that the

> [C]ourt denied her request, claiming the request should have been made earlier. The court also denied Nadene's request to speak for her.
>
> [Marguerite] is 91 years old, and lives in North King County. She cannot travel to Pierce County Superior Court in Tacoma.

17

The court should have granted her request for legal assistance.

Br. of Appellant (Marguerite) at 34, (Nadene) at 35.[13]

We not address this claim because the Sammanns fail to assign error to the superior court's

denial of Marguerite's request, and they fail to provide authority or argument for their assertion.

*Cowiche Canyon*, 118 Wn.2d at 809; RAP 10.3.

7.      CR 11 Sanctions

The Sammanns make a series of assertions related to CR 11 and frivolous arguments. They

fail, however, to make a cognizable argument, cite to the record, or provide authority for their

assertions. Therefore, we do not address these assertions. *Cowiche Canyon*, 118 Wn.2d at 809;

RAP 10.3.

---

[13] In denying Marguerite's request for legal counsel, the superior court noted that "[i]t's unfortunate that [Marguerite] has trouble coming to court. You filed a suit. If you want to prosecute your case, you have to do so." VRP (June 20, 2014) at 7.

> So Marguerite Sammann has brought an action in her own name, and she is not here and has never been here, to my memory, to speak for herself on this—on these various issues. I have today, for the first time, August 1st, received a motion and declaration from Marguerite Sammann asking for a lawyer in this case that she brought.

> This is not a timely request. This comes at a time when the Court is considering a properly filed summary judgment motion to dismiss the case that Marguerite Sammann brought. . . .

> . . . It is not timely. I don't think the due administration of justice would call for further delay in this matter.

VRP (August 1, 2014) at 17.

ATTORNEY FEES

Both the Sammanns and the PR request attorney fees on appeal. RAP 18.1(b) "requires a party to include a separate section in her or his brief devoted to the request" for appellate attorney fees. *Stiles v. Kearney*, 168 Wn. App. 250, 267, 277 P.3d 9 (2012), *review denied*, 175 Wn.2d 1016 (2012). This requirement is mandatory, and "requires more than a bald request for attorney fees on appeal." *Stiles*, 168 Wn. App. at 267. Beyond reciting RAP 18.1, the Sammanns fail to offer any argument or authority demonstrating that they are entitled to attorney fees on appeal.

The PR requests reasonable attorney fees for having to respond to the Sammanns' frivolous appeal. The PR contends that the Sammanns' appeal is both factually and legally meritless. "RAP 18.9(a) permits an appellate court to award a party attorney fees as sanctions . . . when the opposing party files a frivolous appellate action."[14] *Advocates for Responsible Dev. v. W. Wash. Growth Mgmt. Hr'gs Bd.*, 170 Wn.2d 577, 580, 245 P.3d 764 (2010). An appeal is frivolous when it presents no debatable issue on which reasonable minds might differ, and is so devoid of merit that there is no possibility of reversal. *Advocates for Responsible Dev.*, 170 Wn.2d at 580.

We agree with the PR. The Sammanns' claims are legally and factually meritless, and the PR should be awarded reasonable attorney fees for having to defend the Sammanns' frivolous appeal. RAP 18.9. Therefore, we award attorney fees to the PR, jointly and severally against the Sammanns.[15]

---

[14] *See also* RCW 4.84.185 (providing that a court may require the nonprevailing party to pay the prevailing party attorney fees in a frivolous action advanced without reasonable cause).

[15] The Sammanns present almost identical briefing, and it would be extremely challenging to distinguish the PR's attorney's time spent on each appellant's arguments.

No. 46628-7-II/
No. 46635-0-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Bjorgen, A.C.J.

_____
Melnick, J.